BECK ET AL., APPELLANTS, *v.* HOLLAND ET AL., RESPONDENTS.

(No. 1,627.)

(Submitted June 22, 1903.  Decided July 9, 1903.)

*Appeal—Record—Sufficiency.*

A record on appeal, consisting only of a bill of exceptions, notice of appeal, and certificate of the clerk, and which does not purport to contain a certified copy of the judgment roll as such, part of the papers constituting which are contained in the bill of exceptions, the existence of others merely being recited therein, is insufficient to give the court jurisdiction.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by J. F. Beck and others against John G. Holland and another. From a judgment for defendants, plaintiffs appeal. Dismissed.

*Mr. B. S. Thresher,* for Appellants.

*Mr. Edwin M. Lamb,* and *Mr. J. L. Templeman,* for Respondents.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

The record in this case consists only of a bill of exceptions, notice of appeal, and certificate of the clerk, and does not purport to contain a certified copy of the judgment roll as such. The bill of exceptions contains copies of a portion of the papers constituting the judgment roll, and merely recites the existence of others. We have lately decided that such a record is insufficient to give the court jurisdiction. (*Featherman* v. *Granite County,* 28 Mont. 462, 72 Pac. 972.)

We therefore are of the opinion that the appeal should be dismissed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the appeal is dismissed.

MR. JUSTICE HOLLOWAY: The record recites that from the date of the commencement of this action to the date of judgment a number of changes of parties had been made by the court; but the record nowhere contains copies of the orders relating to such changes. Section 1196, Code of Civil Procedure, specifies what papers shall constitute the judgment roll, and, among others, are copies of orders relating to change of parties. In the absence of these, the judgment roll is not complete, or, in other words, no judgment roll is before this court, and we have no jurisdiction to consider the appeal on its merits. (*Stanton* v. *Lewis,* 28 Mont. 267, 72 Pac. 658.) For this reason I concur in a dismissal.

Rehearing granted October 9, 1903.