STATE, Appellant, *v.* CUNNINGHAM, Respondent.          35   547
                                              37    14

(No. 2,423.)

(Submitted June 19, 1907. Decided June 28, 1907.)

[90 Pac. 755.]

*Statutes—Constitutionality—Subject and Title of Act.*

1. Defendant was convicted of grand larceny under Laws of 1903, page 30, entitled "An Act to define the word 'estray' and to provide a penalty for the taking up, using or disposing of estrays upon the 'public domain.'" Section 1 defines an estray as an animal "which is away from its accustomed *range.*" Section 2 makes it a misdemeanor to take from the *range* any estray animal, and section 3 provides that one who, with intent to steal, disposes of or attempts to dispose of any estray, shall be guilty of grand larceny. *Held,* that the statute is void as violative of the provisions of section 23, of Article V of the Constitution, in that it embraces a subject not expressed in its title, the terms "public domain" and "range" not being synonymous.

*Appeal from District Court, Park County; Frank Henry, Judge.*

Earl Cunningham was convicted of grand larceny, and, from an order granting him a new trial, the state appeals. Reversed and remanded, with directions to discharge defendant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Appellant.

It is contended that Chapter XIX, Laws of 1903, page 30, known as the "estray" law, is unconstitutional, for the reason that the Act is not supported by the title; that is, that the term "public domain" is used in the title, and the word "range" is used in the body of the law, and that *these words are not synonymous in meaning.*

The word "range" is very comprehensive in its meaning and the definitions of the word as given by lexicographers and the decisions of courts (*Holcomb* v. *Keliher,* 5 S. Dak. 438, 59 N. W. 227; *Vicksburg etc. Railroad Co.* v. *Patton,* 31 Miss. 156, 66 Am. Dec. 552) bring the term "range" clearly within the meaning of the word "domain" used in the title of the Act.

*Mr. Fred L. Gibson,* for Respondent.

The title of an Act defines its scope, and it can contain no valid provision beyond what is there stated. (Lewis' Sutherland on Statutory Construction, 145; *State* v. *Silver,* 9 Nev. 227; *Ellis* v. *Hutchinson,* 70 Mich. 154, 38 N. W. 14; *Ex parte Thomason,* 16 Neb. 238, 20 N. W. 312.)

That the Act in question is one in which the body of the Act goes beyond the scope indicated in the title and contravenes the constitutional provision is plain. It has been held that a title to prohibit the sale of spirituous liquors will not cover provisions as to other liquors. (*Elliott* v. *State,* 91 Ga. 694, 17 S. E. 1004.) And that "An Act to prohibit the use of billiard-tables, bowling-alleys, dice or card tables" did not include the use "of any other device by which men and boys are allured to vice and idleness." (*Commonwealth* v. *Ayers,* 17 Pa. St. 352.) So, it would seem clear that in so far as the Act in question attempts to fix a penalty for taking up, using or disposing of estrays from any private lands or from any other than the public domain it is unconstitutional and invalid.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal by the state from an order of the district court of Park county granting the defendant a new trial.

The charging part of the information is as follows: "That Earl Cunningham on or about the twenty-eighth day of October, 1906, committed the crime of grand larceny, in that the said Earl Cunningham did then and there unlawfully, willfully, feloniously, and with the intent then and there to steal the same, dispose of one certain mare branded [describing brand] on the right shoulder; said mare not then and there being the property of said defendant, but being then and there an 'estray,' to-wit, a mare, the owner of which cannot with reasonable diligence be found," etc. Defendant was convicted and thereupon filed his motion for a new trial, which, as heretofore stated, was granted, and the state appeals.

Defendant contends that his motion was properly granted for the reason, among others, that the law under which he was convicted is unconstitutional. That statute is known as the "estray law," found at page 30 of the Laws of 1903, and reads as follows: "An Act to define the word 'estray' and to provide a penalty for the taking up, using or disposing of estrays upon the public domain.

"Section 1. The word 'estray' as used in the following sections shall refer to any mare, gelding, stallion, colt, foal or filly, mule, jack, jennet, cow, ox, steer, bull, stag, heifer or calf, the owner of which cannot with reasonable diligence, be found, or any animal as above described, which is away from its accustomed range.

"Section 2. Any person who shall take up from the range and retain in his possession any estray animal as defined in the preceding section, or any animal as above described of which he is not the owner, or who shall in any manner restrain from liberty, work, ride or make use of any such estray animal hereinbefore described, of which he is not the owner, shall be guilty of a misdemeanor and shall be punishable by a fine of not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) or by imprisonment in the county jail not exceeding sixty days, or by both such fine and imprisonment.

"Section 3. Any person who shall, with intent to steal, dispose of, or attempt to dispose of any estray animal hereinbefore described of which he is not the owner shall be guilty of grand larceny."

Our Constitution, section 23 of Article V, reads: "No bill, except general appropriation bills, and bills for the codification and general revision of the laws, shall be passed containing more than one subject which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The law in question by its title assumes to define the word "estray," and to provide a penalty for the taking up, using,

or disposing of estrays upon the public domain. Section 1 defines an estray to be an animal the owner of which cannot be found, or any animal, as therein described, "which is away from its accustomed *range.*" Section 2 makes it a misdemeanor to take up from the *range* any estray animal, etc. Section 3 provides that it shall be deemed a felony to dispose of, or attempt to dispose of, any estray with intent to steal the same.

The dictionaries define the word "range" to be that which may be traversed or ranged over, especially a region of country in which cattle may wander and pasture. In the case of *Holcomb* v. *Keliher,* 5 S. Dak. 438, 59 N. W. 227, cited by the state, the court held that a cattle range is a large stretch of country, consisting usually of many square miles, which is generally uninclosed and has no definite or fixed boundaries, on which cattle are permitted to run at large during the entire year.

"Public domain" is defined by Webster to be the territory belonging to a state or to the general government, public lands. This is the general signification of the words according to the approved usage of the language. The idea of public domain excludes that of private ownership. As is well said by respondent's counsel in his brief: "Unfenced or unoccupied lands belonging to some private person or corporation, such as the large stretches of unfenced land belonging to the Northern Pacific Railway Company in this state, cannot in any possible construction of the term be called 'public domain.' Such lands are private domain." An animal might be "away from its accustomed range" and still be in a private inclosure many miles from any public lands.

In the case of *Western Ranches* v. *Custer County,* 28 Mont. 278, 72 Pac. 659, this court said: "If the title to an Act is single, and directs the mind to the subject of the law in a way calculated to direct the attention truly to the matter which is proposed to be legislated upon, the object of the provision is satisfied." And in the case of *State* v. *Brown,* 29 Mont. 179, 74 Pac. 366, it was said: "It [the constitutional provision] is

not satisfied unless the object of the legislation is clearly expressed.''

The purpose of this statute must be determined by its title. It is not competent to use one title and explain in the body of the Act that it means something else. (*Northwestern Mfg. Co. v. Chambers,* 58 Mich. 381, 55 Am. Rep. 693, 25 N. W. 372.) This court has no power to enlarge the title of this Act by holding that public domain includes private ranges or inclosures belonging to individuals.

Let it be noted, further, that the felony section of this Act does not require that the animal disposed of, or attempted to be disposed of, shall be taken either from the public domain or from any range, but simply that such animal shall be one which is away from its accustomed range, or one the owner of which cannot with reasonable diligence be found. The respondent's contention that this whole Act is void must be upheld.

The order of the district court of Park county granting the defendant a new trial is affirmed, and the cause is remanded, with directions to discharge the defendant from custody under the information in this case.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.