STATE EX REL. FOOT, ATTORNEY GENERAL, RELATOR, *v.*
BURR ET AL., RESPONDENTS.

(No. 5,767.)

(Submitted June 16, 1925. Decided June 25, 1925.)

[238 Pac. 585.]

*Quo    Warranto—Statutes—Constitution—Title—Insufficiency.*

Statutes—Title—Purpose of Constitutional Provision.
1.    The purposes of section 23, Article V of the Constitution, pro-
hibiting the passage of an Act the subject of which is not clearly
expressed in its title, are to restrict the legislature to the enactment
of laws the subjects of which are made known to it and the public
and to guard against fraud which may result from incorporating in
the body of a bill provisions foreign to its general purpose and con-
cerning which no information is given by the title.

Same—Insufficiency of Title—Act Void.
2.    *Held,* that the title to Chapter 93, Laws of 1925: "An Act to
amend sections 4318 and 4327 of the Revised Codes of 1921, relating
to changing the boundaries of Fergus and Judith Basin counties," the
effect of section 1 of which Act was to include within the boundaries
of Fergus county the entire county of Petroleum created in February,
1925, thus abolishing the latter county, is insufficient to meet the re-
quirement of section 23, Article V of the Constitution above, render-
ing the section invalid.

Statutes, 36 **Cyc.**, p. 1017, n. 78; p. 1042, n. 89.

Original action in *quo warranto* by the State on the rela-
tion of L. A. Foot, Attorney General, against George Burr
and others. Demurrer interposed by defendants sustained
and complaint dismissed.

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angst-
man,* Assistant Attorney General, for Relator, submitted. a
brief; *Mr. Angstman* argued the cause orally.

The title to Chapter 93, Laws of 1923, is sufficiently broad
to indicate a purpose to change the boundaries of Fergus

1.    Construction of constitutional provisions relative to titles of stat-
utes, see notes in 1 **Ann. Cas.** 584; **Ann. Cas.** 1915A, 79.    See, also, 25
**R. C. L.** 837.
2.    Sufficiency of title of statute, see note in 64 **Am. St. Rep.** 70;
**Ann. Cas.** 1916D, 28.    See, also, 25 **R. C. L.** 864.

and Judith Basin counties. (See *Walters* v. *Richardson,* 93 Ky. 374, 20 S. W. 279; *Estill County* v. *Powell County,* 198 Ky. 19, 247 S. W. 1110; *Humboldt County* v. *County Commissioners,* 6 Nev. 30; *Blood* v. *Mercelliott,* 53 Pa. St. 391; *Ex parte Upshaw,* 45 Ala. 234; *Manson* v. *City of College Park,* 131 Ga. 429, 62 S. E. 278; *Town of Maysville* v. *Smith,* 132 Ga. 316, 64 S. E. 131; *Fielder* v. *State,* 40 Tex. Cr. 184, 49 S. W. 376; *Hayes* v. *Walker,* 54 Fla. 163, 44 South. 747; *Abell* v. *Clarkson,* 206 App. Div. 172, 200 N. Y. Supp. 570; *MacGuyer* v. *City of Tampa* (Fla.), 103 South. 418.)

*Messrs. Belden & DeKalb* and *Mr. Nick Langhauser,* County Attorney of Petroleum County, for Respondents, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Petroleum county was created from the eastern portion of Fergus county by a vote of the qualified electors, under the provisions of the New Counties Act (secs. 4390–4407, Rev. Codes 1921), and county officers were chosen at the election held in November, 1924. The defendants herein were elected county commissioners of the new county and in due time the officers, including the defendants, qualified and entered upon the discharge of the duties of their respective offices. By this action the state, through the attorney general, inquires by what warrant or authority the defendants assume to discharge the duties and exercise the powers of county commissioners, and the inquiry is prompted by the fact that the Nineteenth Legislative Assembly by an Act approved March 10, 1925 (Chapter 93, Laws of 1925), abolished Petroleum county and vacated the offices to which defendants had been elected, if the Act is valid.

Chapter 93 purports to amend sections 4318 and 4327 of the Revised Codes of 1921. Section 4318 defines the boundaries of Fergus county as those boundaries existed on March 5, 1921, and section 4327 gives the boundaries of Judith Basin county as of the same date. A comparison of the provisions of Chapter 93 with the terms of the sections sought to be amended, discloses that the only changes made in the language of either section 4318 or 4327, occur in describing a small portion of the dividing line between Fergus county and Judith Basin county at the extreme northwestern corner of Fergus county, and the changes thus made operated to detach thirty-two sections of land from Fergus county and to attach those sections to Judith Basin county.

The validity of Chapter 93 is challenged on several grounds, only one of which need be considered. It is urged that the Act violates section 23, Article V of our state Constitution, which declares that: ''No bill, except general appropriation bills, and bills for the codification and general revision of the laws, shall be passed containing more than one subject which shall be clearly expressed in its title; but if any subject shall be embraced in any Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be so expressed.'' The purposes of this limita-
[1]  tion have been declared so often that any extended discussion of the subject at this time would be a work of supererogation. Stated briefly, those purposes are to restrict the legislature to the enactment of laws the subjects of which are made known to the lawmakers and to the public, to the end that anyone interested may follow intelligently the course of pending bills; to prevent the legislators and the people generally being misled by false or deceptive titles, and to guard against the fraud which might result from incorporating in the body of a bill provisions foreign to its general purpose and concerning which no information is given by the title. (*State* v. *Anaconda Copper-Min. Co.,* 23

Mont. 498, 59 Pac. 854; *State* v. *McKinney,* 29 Mont. 375,
1 Ann. Cas. 579, 74 Pac. 1095; *Yegen* v. *Board of County
Commissioners,* 34 Mont. 79, 85 Pac. 740; *State* v. *Hopkins,*
54 Mont. 52, Ann. Cas. 1918D, 956, 166 Pac. 304.)

The language of the Constitution is too plain to admit of
doubt as to its meaning. It means just what it says: The
[2] title of a bill must express clearly the subject treated
in the body of the bill. The title to Chapter 93 is, ''an Act
to amend sections 4318 and 4327 of the Revised Codes of
the state of Montana 1921, relating to changing the bound-
aries of Fergus and Judith Basin counties.'' As observed
heretofore, section 4318 defines the boundaries of Fergus
county as they existed on March 5, 1921, but prior to the
enactment of Chapter 93, section 4318 had spent its force
and was not in effect on March 10, 1925, for by the crea-
tion of Petroleum county out of the eastern portion of Fergus
county, the boundaries of Fergus county as given in that
section had been changed completely. Furthermore through-
out Chapter 93 there is not a suggestion that Petroleum
county was to be affected; no reference is made to the
public property belonging to that county, nor to the obliga-
tions which it had incurred and were outstanding. Indeed,
Petroleum county is not mentioned in the entire Act, and
a person, even though he be a skilled engineer, not personally
familiar with the location of the lower Musselshell River and
with the location of the township and range lines on the
ground, must employ a map and township plats and make
a critical examination of the description contained in sec-
tion 1 of Chapter 93 with reference to the map and plats,
in order to ascertain that Petroleum county has been affected
in the least. However, by the use of a map and the plats
and by following critically the metes and bounds given in
section 1, it will be found that Petroleum county was com-
pletely swallowed up,—its entire area included within the
boundaries of Fergus county. Can it be said, then, reason-

ably, that the title "An Act to amend sections 4318 and 4327 of the Revised Codes of the state of Montana 1921, relating to changing the boundaries of Fergus and Judith Basin counties," expresses clearly, or at all, a legislative purpose to abolish Petroleum county? To ask the question is to answer it in the negative.

The subject is treated so thoroughly by the supreme court of Alabama in *State ex rel. Bassett* v. *Nelson,* 210 Ala. 663, 98 South. 715, that we content ourselves with a citation of that case.

It is our conclusion that so much of section 1 of Chapter 93 as assumed to define the boundaries of Fergus county and include therein the entire territory embraced in Petroleum county is void, and that Petroleum county is not affected in the least by the Act.

The demurrer interposed by the defendants is sustained and the complaint is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.