HALE ET AL., RESPONDENTS, *v.* BELGRADE CO., LTD., ET AL., DEFENDANTS; FARMERS' BANK OF BELGRADE, APPELLANT.

(No. 5,801.)

(Submitted September 18, 1925. Decided October 9, 1925.)

[240 Pac. 371.]

*Record on Appeal—Time of Filing in Supreme Court—Statutes — Amendment — Defective Title — Constitutional Law — Rules of Court.*

Courts—Rules—Effect.
1. Rules of court have the force of statutes.

Appeal—Filing of Transcript—Statutes—Defective Title—Invalidity of Act.
2. *Held,* that so much of section 1 of Chapter 19, Laws of 1925, as assumes to amend section 9746, Revised Codes of 1921, by the addition of a provision declaring within what time transcripts on appeal shall be filed in the supreme court, and repealing by implication section 9732, prescribing the time within which an appeal from a judgment may be taken, is void as in contravention of section 23, Article V of the state Constitution, in that

---

1. See 7 R. C. L. 1027.
2. Sufficiency of title of statute, see notes in 64 Am. St. Rep. 70; 1 Ann. Cas. 584; Ann. Cas. 1915A, 79.

the title of the Chapter does not disclose the purpose of the legislature to effectuate a change in the time within which transcripts must be filed as fixed by subdivision 2 of Rule V of the Supreme Court Rules.

**Appeal—Jurisdiction of Supreme Court—When Acquired.**

3. The supreme court acquires jurisdiction of a cause on appeal only upon the filing of a completed record within time.

**Statutes—Title—Purpose of Constitutional Provision.**

4. The purpose of section 23, Article V of the state Constitution, declaring that no bill (with certain exceptions) shall be passed containing more than one subject which shall be clearly expressed in its title, is to guard against fraud which might result from incorporating in the body of the bill provisions foreign to its general purpose concerning which no information was given to the legislature or the people.

---

Appeal and Error, 4 *C. J.*, sec. 2195, p. 463, n. 33; sec. 2206, p. 469, n. 6.
Courts, 15 *C. J.*, sec. 288, p. 909, n. 7.
Statutes, 36 Cyc., p. 1017, n. 78; p. 1018, n. 79; p. 1034, n. 50.

*Appeal from District Court, Gallatin County, in the Ninth Judicial District; George B. Winston, Judge of the Third District, presiding.*

ACTION by Mary Barbara Hale and others against the Belgrade Company, Limited, the Farmers' Bank of Belgrade and others. Judgment for plaintiff, and the second-named defendant appeals. On motion to dismiss appeal. Motion denied.

*Mr. Walter Aitken,* for Respondent, submitted a brief and argued the motion to dismiss the appeal.

*Mr. George W. Patten,* for Appellant, submitted a brief and made oral argument in opposition to motion to dismiss appeal.

*Mr. C. A. Spaulding, Amicus Curiae,* made oral argument.

MR. JUSTICE MATTHEWS delivered the opinion of the Court.

On August 4, 1925, plaintiffs filed written motion to dismiss defendants' appeal pending herein. The motion was duly

noticed for hearing, and on September 18, 1925, was orally argued and submitted.

The record discloses that the appeal is from a judgment entered in favor of plaintiffs February 16, 1925, and that a bill of exceptions herein was duly settled, signed and filed on June 2, 1925, but that no notice of appeal from the judgment was served or filed until the twenty-seventh day of June, at which time there was also filed the necessary undertaking on appeal. The appeal was therefore perfected on June 27, 1925.

On August 5, 1925, defendants filed in this court their transcript on appeal. Counsel for plaintiffs contends that under the provisions of Chapter 19, Laws of 1925, defendants' time for filing their transcript expired with the expiration of the sixty-day period from and after the settlement of the bill of exceptions. In opposition to the motion, counsel for defendants asserts that the Act referred to is void, in that its enactment violated the provisions of section 23 of Article V of the state Constitution, and that, therefore, Rule IV of the Rules of this court still controls. The rule reads as follows:

"IV.     Appeals in Civil Cases.

"1. *Record on Appeal.* Appellant is charged with the duty of having the transcript perfected and filed with the clerk of the court in accordance with the statute and these rules

"2. *Time of Filing.* The transcript shall be filed by the appellant with the clerk of the court within sixty days after such appeal has been perfected; or the appeal will be subject to dismissal on motion of the adverse party; but if it appear that the delay has been without laches on the part of the appellant, his appeal will not be dismissed for such delay, until reasonable time has been allowed for filing the record."

The rule has the force of a statute. (*State ex rel. Nissler* v. [1] *Donlan,* 32 Mont. 256, 80 Pac. 244; *State* v. *Kacar, ante,* p. 269, 240 Pac. 365.)

Prior to the enactment of Chapter 19, Laws of 1925, no [2] legislative assembly of this state had undertaken to declare within what time the transcript on appeal should be filed in this court, and the matter was regulated solely by the rule quoted.

The Act under consideration is entitled: "An Act to amend section 9746 of the Revised Codes of Montana of 1921, relative to the authentication of copies of appeals to the supreme court and concerning abbreviated records on appeal to the supreme court of Montana." Section 9746 appears in the Revised Codes as follows:

"9746. *Authentication of Copies—Abbreviated Record.* All papers furnished to the supreme court on appeal shall, before the transcript is filed therein, be certified by the clerk or by the attorneys in the case to be correct, and must be accompanied with a certificate of the clerk or attorneys that an undertaking on appeal, in due form, has been properly filed, or that a deposit has been made as provided for in section 9741, or the stipulation of the party waiving an undertaking or deposit. The appellant may present to the supreme court, or any justice thereof, a copy of the record from which are omitted those parts thereof which appellant believes to be immaterial to any question arising on the appeal, and thereupon, if it shall appear, *prima facie,* that the parts omitted are so immaterial, the court or justice, shall make an order allowing such abbreviated record to be served and filed as the transcript on appeal, and directing the clerk of the district court to certify to such transcript, which order shall save to the respondent the right to suggest a diminution of the record in case he can show that without the parts omitted the appeal cannot be fairly and fully heard and determined. The certificate of the clerk of the district court shall refer to such order of the supreme court or justice."

After declaring that section 9746 "be and the same is hereby amended as follows," section 1 of the Act copies *verba-*

*tim* section 9746, with the following addition: "In all cases where no bill of exceptions is presented for settlement in the trial court, the party appealing shall file his transcript in the supreme court within sixty days after such appeal is perfected; and in cases where a bill of exceptions is settled in the trial court the party appealing shall file his transcript in the supreme court within sixty days after such bill of exceptions has been settled." Section 2 declares that all Acts and parts of Acts in conflict with the provisions of this Act are repealed.

It will be noted that the above provision does not attempt to change the rule in cases where no bill of exceptions is presented for settlement, but by the second clause it requires the filing of the transcript within sixty days after settlement of the bill of exceptions, regardless of when the appeal is perfected. It will also be noted that, while under the rule of court quoted, the court might relieve a party not guilty of laches, from the effect of failure to file within time, the legislative enactment lays down a hard-and-fast rule from which there can be no deviation or exception.

Defendants' appeal falls within the latter provision and, as their bill of exceptions was settled on June 2, this provision required the filing thereof on or before August 1, 1925. If the provision is valid, the motion must be granted, for it is [3] only by the filing of a completed record within time that this court acquires jurisdiction to consider the appeal on its merits. (*Beck* v. *Holland,* 28 Mont. 460, 72 Pac. 972; *Featherman* v. *Granite County,* 28 Mont. 462, 72 Pac. 972; *Adams* v. *Bankers' Life Ins. Co.,* 13 Mont. 222, 33 Pac. 192.)

The further effect of this enactment, if valid, but which need only be stated here, is that, providing, as it does, for the filing of the transcript on appeal without regard to the time of the perfection of the appeal, it repeals by implication, or at least modifies, section 9732 of the Revised Codes, which permits an appeal to be taken from a judgment at any time

within six months after entry of judgment. That such was not the intention of the legislature would seem apparent from the fact that the same legislative assembly, within a few days after the passage and approval of this Act, amended section 9732 without reference to this Act, and without changing the time in which an appeal might be taken from a judgment.

Section 23 of Article V of our Constitution reads as follows: "No bill, except general appropriation bills, and bills for the codification and general revision of the laws, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be so expressed."

The question for our determination is whether the title to the Act under consideration sufficiently declares the purpose of the legislature, disclosed in the body of the Act, to fix the time within which transcripts on appeal shall be filed.

In his work on Constitutional Limitations, seventh edition, page 202, Mr. Cooley discusses the title to legislative enactments as follows: "The title of an Act was formerly considered no part of it, and although it might be looked to as a guide to the intent of the lawmakers when the body of the statute appeared to be in any respect ambiguous or doubtful, yet it could not enlarge or restrain the provisions of the Act itself, and the latter might therefore be good when it and the title were in conflict. The reason for this was that anciently titles were not prefixed at all, and when afterwards they came to be introduced, they were usually prepared by the clerk of the house in which the bill first passed, and attracted little attention from the members. They indicated the clerk's understanding of the contents and purpose of the bills, rather than that of the house; and they therefore were justly regarded as furnishing little insight into the legislative

intent. Titles to legislative Acts, however, have recently, in some states, come to possess very great importance, by reason of constitutional provisions, which not only require that they shall correctly indicate the purpose of the law, but which absolutely make the title to control, and exclude everything from effect and operation at law which is incorporated in the body of the Act, but is not within the purpose indicated in the title.''

The latest declaration of this court on the purpose of our [4] constitutional provision, above, is found in *State ex rel. Foot* v. *Burr,* 73 Mont. 586, 238 Pac. 585: ''The purposes of this limitation have been declared so often that any extended discussion of the subject at this time would be a work of supererogation. Stated briefly, those purposes are to restrict the legislature to the enactment of laws the subjects of which are made known to the lawmakers and to the public, to the end that anyone interested may follow intelligently the course of pending bills, to prevent the legislators and the people generally being misled by false or deceptive titles, and to guard against the fraud which might result from incorporating in the body of a bill provisions foreign to its general purpose and concerning which no information is given by the title. (*State* v. *Anaconda Copper Min. Co.,* 23 Mont. 498, 59 Pac. 854; *State* v. *McKinney,* 29 Mont. 375, 1 Ann. Cas. 579, 74 Pac. 1095; *Yegen* v. *Board of County Commrs.,* 34 Mont. 79, 85 Pac. 740; *State* v. *Hopkins,* 54 Mont. 52, Ann. Cas. 1918D, 956, 166 Pac. 304.)''

It is true that ''the unity of title required by this constitutional provision is served notwithstanding many provisions in an Act, where they are germane to the general subject expressed. (*Hotchkiss* v. *Marion,* 12 Mont. 218, 29 Pac. 821; *State* v. *McKinney,* 29 Mont. 375, 1 Ann. Cas. 579, 74 Pac. 1095; *In re Terrett,* 34 Mont. 325, 86 Pac. 266.)'' (*State* v. *Mark,* 69 Mont. 18, 220 Pac. 94.)

"Germane" is defined by the New Standard Dictionary as "in close relationship; appropriate; relevant; pertinent." The determination of what is germane to the subject expressed in the title of an Act is more a question of fact than one of law; there is, and can be, no clear line of demarcation between those matters which fall within and those which fall without the inhibition of the constitutional provision, and former decisions on the subject cannot be wholly determinative of the question, but the reasoning employed and the analogy between decided cases and the case at bar aid the court in its determination. The discussion found in each of the following cases is enlightening: *State ex rel. Foot* v. *Burr*, above; *State* v. *Cunningham*, 35 Mont. 547, 90 Pac. 755; *Yegen Bros.* v. *Board of County Commrs.*, above.

In the case of *Russell* v. *Chicago etc. R. Co.*, 37 Mont. 10, 94 Pac. 488, 501, a motion was made to dismiss an appeal on the ground that the undertaking on appeal did not comply with the provisions of an Act entitled "An Act to amend" certain sections of the Political Code of 1895 (Laws 1899, p. 79). By section 7 of that Act, its provisions were made to apply to bonds on appeal. It was there contended by the movant that the Act amended sections 1724 and 1725 of the Code of Civil Procedure, relating to undertakings on appeal. The court, speaking through Mr. Chief Justice Brantly, said: "Appellant's answer to this argument was that the title of the Act does not refer to any part of the Code of Civil Procedure, * * * and, since the subject of bonds or undertakings on appeal is not germane to the general subject expressed in the title, the provisions of section 7 are beyond the purview of the title, and so far as they apply to these bonds or undertakings, are repugnant to section 23 of Article V of the state Constitution. * * * To us appellant's reply seemed conclusive. * * * No person reading the title, whether a member of the legislature or a private citizen, would be justified in concluding that the intention of the Act was to

amend any other provision of law. Neither certainly would he gather from it the knowledge that the Act had slumbering in its bosom a provision which was designed to change an important feature of appellate procedure which had been a part of our statute law during the existence of the territorial and state governments. This knowledge could not be gained except by an examination of the whole amendatory Act, as well as the sections of the Code of Civil Procedure in question here.''

These remarks of the learned and lamented Chief Justice are pertinent here, and very persuasive in our determination of the question before us. Here, while advising the members of the legislature and the public at large, by the title of the Act, that it intended only to amend the law regulating the manner in which all papers furnished to the supreme court on appeal might be authenticated, and the method to be employed in securing an abbreviation of the record on appeal, the legislative assembly proceeded to amend section 9746, not by making any change whatever in either of the provisions of that section or by the addition to the section of anything further on the subject of either ''Authenticated Copies'' or ''Abbreviated Record,'' but by adding to that section a provision entirely foreign to an expression found in the section, to-wit, a provision declaring within what time all transcripts on appeal to this court shall be filed.

''No person reading the title [to this Act], whether a member of the legislature or a private citizen'' would be justified in concluding that the intention of the legislature was to abrogate the rules of this court regarding the time within which transcripts in all appeals shall be filed, nor would he gather therefrom that this Act had slumbering in its bosom this important change in appellate procedure which had theretofore been regulated solely by the rules of this court; nor that the legislature intended thereby to shorten the time within which an appeal from a judgment might be taken.

Here, also, that knowledge could only be gained by an examination of the entire amendatory Act and of the subject of appellate procedure as found in the Revised Codes, as well as the rules of this court.

If we are to hold the amendment a constitutionally valid enactment of the legislature, we must read into the title, after all that has been there said, some declaration to the effect that section 9746 is amended by fixing the time within which all transcripts on appeal shall be filed, and that section 9732 (amended by Session Laws of 1925, Chap. 39) is also amended by this Act; this the court has no power to do. (*State* v. *Cunningham,* above.)

As the title to the Act manifestly did not comply with the requirements of section 23 of Article V of the state Constitution, the attempted amendment of section 9746 is void.

It follows that Rule IV of the rules of this court still governs the time within which transcripts on appeal shall be filed. Under the rule defendants had up to and including the twenty-sixth day of August, 1925, in which to file their transcript and the filing on August 5 was, therefore, within time.

The motion to dismiss the appeal is denied.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.