### HUME v. VILLAGE OF FRUITPORT.

1. STATUTES—PART OF TITLE MAY NOT BE REJECTED.

Under the guise of discarding surplusage, a court may not reject a part of the title of an act for the purpose of saving the act.

2. SAME—CONSTITUTIONAL LAW—PURPOSE OF REQUIRING OBJECT OF ACT TO BE EXPRESSED IN TITLE.

One of the purposes of the provision of the Constitution (section 21, Art. 5) that no law shall embrace more than one object which shall be expressed in its title, is to challenge the attention of those affected by the act to its provisions.

3. SAME—TITLE OF ACT—ACT BROADER THAN RESTRICTIVE TITLE VIOLATES CONSTITUTION.

Inasmuch as Act No. 236, Local Acts 1891, entitled "An act to incorporate the village of Fruitport, in the county of Muskegon," is by said title restricted to operation in Muskegon county, the act, by also including land in Ottawa county within its operation, violates article 4, § 20, Const. 1850, providing that no law shall embrace more than one object, which shall be expressed in its title.

¹Statutes, 36 Cyc. p. 1127; ²Id., 36 Cyc. p. 1022.

Appeal from Ottawa; Cross (Orien S.), J.    Submitted April 13, 1928.    (Docket No. 129.)    Decided June 4, 1928.

Bill by George A. Hume against the village of Fruitport to enjoin the assessment and collection of taxes. From a decree for plaintiff, defendant appeals.    Affirmed.

*Hugh E. Lillie,* for plaintiff.

*Edward C. Farmer,* for defendant.

CLARK, J.    Of Act No. 236, Local Acts 1891, we quote the title and a section:

"An act to incorporate the village of Fruitport, in the county of Muskegon.

"SECTION 1.    *The people of the State of Michigan enact,* That the following described territory in the counties of Muskegon and Ottawa, Michigan, to-wit: All of sections thirty-five and thirty-six in township nine north, range sixteen west, in Muskegon county, and that part of section two in township eight north, range sixteen west, in Ottawa county, located north and east of Stahl bayou, and north and west of Spring lake, said last mentioned tract containing nineteen and sixty-two hundredths acres, be, and the same is hereby constituted a village corporate, by the name of the village of Fruitport."

Plaintiff is the owner of lands in Ottawa county included in the description set forth in the act, which lands he purchased lately on contract.    He filed this bill to restrain the defendant village from exercising jurisdiction and control, including taxing, of his lands, alleging that as to his lands the law is void because of section 20, art. 4, Constitution of 1850:

"No law shall embrace more than one object which shall be expressed in its title."

The same provision is in section 21, art. 5, Constitution of 1908.    Plaintiff had decree.    Defendant has appealed.

The sole question presented for decision is whether the act offends the quoted provision of the Constitution, and it is presented as a thing apart, free from any other matter or consideration.    We dispose of it accordingly.

It may be that the words "An act to incorporate the village of Fruitport" would have been a sufficient title, and that the words "in the county of Muskegon" were unnecessary, but we do not agree with appellant that the words last quoted may, for that reason, be disregarded as surplusage.    36 Cyc. p. 1033.

A typical case of rejecting surplusage is where the title is to "regulate and prohibit," and the act is merely to prohibit.    No harm is done.    No one is misled. The word "regulate" may be discarded.    *Jasnowski* v. *Judge of Recorder's Court,* 192 Mich. 139.    Under the guise of discarding surplusage, a court cannot reject a part of the title of an act for the purpose of saving the act.    *Schmalz* v. *Wooley,* 56 N. J. Eq. 649 (39 Atl. 539).

A purpose of the provision of the Constitution is to "challenge the attention of those affected by the act to its provisions."    *Commerce-Guardian Trust & Savings Bank* v. *State of Michigan,* 228 Mich. 316.

The title here is restrictive.    It restricts the operation of the act to Muskegon county.    The act goes beyond the restriction.    As was said in *Schmalz* v. *Wooley, supra:*    "The title 'is erroneous in the worst degree, for it is misleading.' "

We think the case ruled in principle by *Wilcox* v. *Paddock,* 65 Mich. 23, where a title referring to State lands in the particular county was held not to sustain a provision in the act relating to lands in another county.    See *Atchison, etc., R. Co.* v. *Kearny Co.,* 58

Kan. 19 (48 Pac. 583) ; *State* v. *Burr,* 73 Mont. 586 (238 Pac. 585) ; *Village of Fairview* v. *City of Detroit,* 150 Mich. 1.

Decree affirmed.     Costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MCDON-ALD, POTTER, and SHARPE, JJ., concurred.