DURLAND, Appellant, *v.* PRICKETT et al., Respondents.

(No. 7,299.)

(Submitted December 6, 1934.   Decided January 2, 1935.)

[39 Pac. (2d) 652.]

*Mr. H. C. Crippen* and *Mr. H. C. Crippen, Jr.,* for Appellant, submitted an original and a reply brief; the latter argued the cause orally.

402

*Mr. John G. Brown, Mr. L. V. Ketter* and *Mr. John C. Erickson,* for Respondents, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff, the duly elected, qualified and acting surveyor of Yellowstone county, brought this action against two members of the board of county commissioners and their bondsmen, to recover damages claimed to have been sustained as a result of the defendant commissioners hiring other surveyors to perform services which, it is alleged, were a part of the lawful duties of the plaintiff.

The complaint is in six counts. A general demurrer, challenging the sufficiency of each count, was filed. The trial court sustained the demurrer to the first, fifth and sixth counts, and overruled it as to the other counts. A judgment of dismissal was entered, dismissing the complaint as to the counts against

which the demurrer was sustained. The appeal is from this judgment. Error is assigned upon the ruling of the court on the demurrers, and upon the entry of the judgment of dismissal.

In each of the causes of action plaintiff alleged his election and qualification as county surveyor, the election and qualification of the county commissioners as such, and the execution of their official bonds by the defendant bonding companies.

In his first cause of action plaintiff alleges that the defendants Prickett and Cardwell, acting in their official capacities as a board of county commissioners, on May 19, 1932, adopted the following resolution: "Resolution in re: Rimrock Road. The County Surveyor being considered by the Board incompetent, the Board hereby appoints and orders without cost to Yellowstone County, R. T. Hurdle, City Engineer of the City of Billings, Montana, to make a survey of the proposed route and to plat the same and to file his field notes with the County Clerk and Recorder of Yellowstone County, Montana. O. B. Prickett, F. T. Woods, B. E. Cardwell."

Previously a petition had been filed in compliance with the provisions of Chapter 127, Revised Codes of 1921 (sec. 1635 et seq.), for the establishment of the road described in the resolution.

It is further alleged that the surveying and platting of roads and highways is within the intent and purview of the above chapter, and that the surveying of the road described in the resolution is one of the duties of the county surveyor, for which he was entitled to compensation at $7 per day, as provided by law. It is then alleged that the commissioners, in appointing the surveyor mentioned in the resolution, unlawfully, maliciously, fraudulently and corruptly schemed and contrived to injure the plaintiff and to deprive him of the emoluments of his office by appointing the named engineer, and by refusing to appoint the plaintiff to survey and plat the road; that the statement contained in the resolution, to the effect that the board considered the plaintiff incompetent, was untrue; that the defendant commissioners knew the statement to be untrue at the time they voted on the resolution, and that

plaintiff was capable and competent to perform the duties of his office. It is then alleged that the action of the commissioners was unlawful and without the scope and authority of the board of county commissioners, and was arbitrary, capricious and malicious; that the appointed surveyor expended the reasonable time of sixty-five days in surveying and platting the road; and that, by reason of the matters and things set forth in the complaint, plaintiff was damaged in the sum of $455.

The fifth cause of action alleges that the defendant commissioners in their official capacities adopted a resolution, as a board of county commissioners, on February 17, 1933, for the establishment of a drain ditch, the establishment of which was declared in the resolution "to be necessary for the protection of the public highways of Yellowstone county, Montana, and that the construction of such drain ditch will result in a saving in the road funds of said county." It is alleged that the construction of this ditch entailed making surveys and establishing grades, and that this work was a lawful duty of the plaintiff for which he was entitled to compensation at the rate of $7 per day. It is then alleged that the defendant commissioners directed two other surveyors to make surveys and establish the grades for the drainage ditch; that one of the surveyors consumed the reasonable time of 83¾ days in this work, and that thereby plaintiff was damaged in the sum of $586.25. The conduct of the defendant commissioners is described by the same adjectives, and the same conclusions are alleged and set forth as in the first cause of action.

The sixth cause of action relates to the employment by the board of commissioners of an engineer to check and make plans and specifications for a bridge. The board on March 6, 1933, passed a resolution wherein it was written, after a description of the bridge, as follows: "Whereas, it has been found by the Board of County Commissioners of Yellowstone County that the County Surveyor of Yellowstone County has been insubordinate to the wishes of the Board of County Commissioners and they do not believe he is a competent bridge builder, therefore, be it resolved by the Board of County Commissioners that the County Surveyor be declared incompetent

to perform the work above mentioned and that Parker Hastings, of Billings, Montana, be employed to check and make plans and specifications for the Board. Done this 6th day of March, 1933.''

It is alleged that the board paid Hastings, the engineer employed to do the work, the sum of $252, and, as in the first cause of action, that the conduct of the commissioners was wrongful; that the plaintiff was competent, and that he was damaged in the amount paid to Hastings.

Proceeding now to the consideration of the sufficiency of plaintiff's first cause of action: Section 1639, Revised Codes 1921, provides: ''If the petition is for the opening of a highway, and the board grants the prayer of said petition and orders the same opened, they shall proceed at once to have the same opened to the public and declare it to be a public highway; and the board may order the county surveyor, or if the county surveyor is incompetent, some other competent surveyor designated by the board to survey the same and plat it and file his field notes with the county clerk and recorder, for which the surveyor shall receive seven dollars per day and actual traveling expenses.''

Plaintiff contends that, under this section, where it is sought to establish a road, if the board of commissioners order the survey of a road declared open to the public, it is their duty to order the county surveyor to make the survey, and that no other surveyor may be employed, assuming that the county surveyor is competent, as he is alleged to be in the complaint. It is urged that the word ''may'' means ''must.''

In the case of *Montana Ore Purchasing Co.* v. *Lindsay*, 25 Mont. 24, 63 Pac. 715, 716, this court had under consideration the meaning of the word ''may'' as used in a statute there under consideration. Therein it was said: ''This word is sometimes permissive only; sometimes it is imperative. Legislative intent determines whether it is directory or mandatory. According to its natural and usual signification, the word 'may' is enabling and permissive only, and so it must be interpreted where no right of or benefit to the public, nor right of persons other than the one upon whom the permission is

conferred, depends upon giving to it the obligatory meaning; but the word is interpreted to mean 'shall' or 'must' whenever the rights of the public or of third persons depend upon the exercise of the power or performance of the duty to which it refers. In those cases where the public or persons possess the right to require that the power conferred by the word 'may' be exercised, the word is imperative and mandatory, being the equivalent of 'shall' or 'must.' "

It is unreasonable to suppose that the legislature intended that, upon the opening of every road, a survey should be ordered. The manifest purpose of a survey in a situation of this character is to definitely locate and describe the road, and to prepare a plat for the files and records of the proper county offices. If the road is accurately described in the petition seeking its creation, if its location and boundaries are definitely marked, and if a sufficient plat accompanies the petition, it would appear to be idle for the board in such circumstances to order the county surveyor to survey the road and prepare a plat of it. In such a case he would, if so ordered, be performing a useless and idle act. The law neither does nor requires the performance of idle acts. (Sec. 8761, Rev. Codes 1921.)

It is apparent from the allegations of the complaint that the board in this instance could secure the services of a surveyor to survey and plat an established highway without expense to the county; and, in the order appointing the surveyor, the board expressly provided that the survey was to be made without cost to the county. The situation prevailing at the time it made this order was in nowise different from what it would have been, had the petitioners for the road caused the survey of it to be made and a plat prepared—all before the order of the board was made.

The statute (sec. 1639, supra) manifestly was not passed for ■ the benefit of the county surveyor. It was enacted to give the board of county commissioners authority to order the survey of a road, when established, for the purpose of defining the boundaries of the road, of determining its location, and of providing for the preparation of plats for record in county

offices; and, whenever all those purposes have been attained without expense to the county, neither the public nor any person is in a position to assert that any rights are dependent upon the exercise of the power conferred by the statute upon the board. The word "may" in section 1639, as applied to the facts and circumstances now before us, has a permissive meaning.

It is argued in behalf of plaintiff that, if the board may order a surveyor to survey a road without cost to the county, it may, in turn, direct a survey to be made at a compensation less than the fees provided by law for the county surveyor, which would have the effect of destroying the office of county surveyor. The statute, however, does not permit of such construction. If the county commissioners order a survey of a road to be made and propose to award compensation for such survey, then the statute directs the board to order it made by the county surveyor, unless he be incompetent. Under such a situation the public is entitled to have the survey made by the officer of their selection, since then the word "may" has the meaning of "must."

The fifth cause of action relates to the establishment of a ▮▮ drain. The pertinent portion of section 1630, Revised Codes 1921, provides that "the road supervisor, or other person designated by the board of county commissioners, has authority to open or construct drains and ditches for the making and preserving of roads and highways," etc.

Section 4836, Id., provides that "the county surveyor shall work under the direction of the board of county commissioners, but shall have no power or authority to incur any indebtedness on the part of the county without the order or approval of the board of county commissioners being first obtained therefor; he shall make all surveys, establish all grades, prepare plans, specifications, and estimates."

Section 4836 is a general statute relating to all surveys and all grades, whereas section 1630 relates specifically to the subject of drains and drainage ditches. In the latter section we find no mention of the county surveyor. The board is there authorized to cause drains to be constructed by the road super-

visor, or other persons. The two sections are somewhat in conflict.

In the case of *Langston* v. *Currie*, 95 Mont. 57, 26 Pac. (2d) 160, 163, this court said: "Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnance between them, the special will prevail over the general. (*State ex rel. Daly* v. *Dryburgh*, 62 Mont. 36, 203 Pac. 508)." Applying this rule, we observe that the commissioners, in the construction of drains, find their authority in, and are governed by, the provisions of section 1630; and, so far as the provisions of that section conflict with section 4836, the provisions of section 1630 must prevail over those of section 4836. By virtue of section 1630, the commissioners are not required to employ the county surveyor in the construction of drains.

With reference to the sixth cause of action, the only section providing for the compensation of the county surveyor is section 4921 of the Revised Codes of 1921, which provides that he shall receive, for making surveys, the sum of $7 per day, unless—if the contention of counsel for plaintiff is sound—section 1632, Id., was not amended by Chapter 176 of the Laws of 1929. It is conceded by plaintiff that, even though the county surveyor is required by law to prepare plans for bridges, unless he can find statutory authority allowing him compensation for this work, he is not entitled to be paid for the rendering of such service; hence he contends that section 1632 is still in full force and effect.

Section 1632 provides for the inspection of bridges and highways, either by members of the board of county commissioners or the county surveyor, upon the order of the board, and for the compensation for this service. Following these provisions it is declared: "And the county surveyor shall receive * * * for all other work performed for the county

under the direction of the board of county commissioners, the sum of eight dollars per day." The legislature amended this section by Chapter 176 of the Laws of 1929, by omitting the quoted portion of section 1632 from the amendment. The title to Chapter 176 is as follows: "An Act to Amend Section 1632 of the Revised Codes of Montana 1921 Relating to Inspection of Highways and Construction Work by Boards of County Commissioners and Compensation Therefor."

Counsel for plaintiff argue that the title of Chapter 176 is ██ violative of section 23, Article V, of our Constitution, which provides: "No bill, except general appropriation bills, and bills for the codification and general revision of the laws, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be so expressed."

It is argued that, because no mention is made in the title of the county surveyor or his compensation, the subject of the amendment is not clearly expressed. In considering a similar attack under this constitutional provision in the case of *State ex rel. Nagel* v. *Leader Co.*, 97 Mont. 586, 37 Pac. (2d) 561, 563, this court said: "In construing an Act amendatory of a statutory provision, it is undoubtedly the rule that, when the Legislature declares an existing statute to be amended 'to read as follows,' as was done here, that body evinces the intention to make the new Act a substitute for the amended statute, exclusively; only those portions of the old law repeated in the new are retained, and all portions omitted are repealed. (*State ex rel. Paige* v. *District Court*, 54 Mont. 332, 169 Pac. 1180; *State ex rel. Foot* v. *Burr*, 73 Mont. 586, 238 Pac. 585; *Hale* v. *Belgrade Co.*, 74 Mont. 308, 240 Pac. 371.) * * * The amended Act must be held valid, unless it violates the elementary rule that 'if the amendatory Act is not germane to the subject-matter of the Act to be amended, then it is not of any effect whatever as an amendment.' (*Dolenty* v. *Broadwater County*, 45 Mont. 261, 122 Pac. 919, 921.) 'Germane'

means 'in close relationship; appropriate; relevant; pertinent.' The question as to what is germane to a subject is one of fact, rather than law, and there can be no clear line of demarcation between those matters which fall within, and those which fall without, the inhibition of the constitutional provision. (*Hale* v. *Belgrade Co.*, supra. * * * An 'amendment' is a legislative Act designed to change some prior and existing law by adding to or taking from it some particular provision. (*In re Haines*, 68 Cal. App. 522, 229 Pac. 984.)''

Counsel for plaintiff rely upon the cases of *Russell* v. *Chicago etc. Ry. Co.*, 37 Mont. 10, 94 Pac. 488, 501, *State ex rel. Foot* v. *Burr*, supra, and *Hale* v. *Belgrade Co.*, supra. In each of these cases, where legislative Acts were held to be violative of this constitutional provision, the legislature, in attempting to amend a section, sought to add something to it—some new matter which was not germane to the provisions of the Act sought to be amended—which intention was not expressed in the title. Here no new matter was added to the new section. On the contrary, by the amendment portions of the old section were omitted.

The title of Chapter 176, Laws of 1929, is not violative of the constitutional provision in question.

No error was committed by the trial court in sustaining the demurrer to the first, fifth and sixth causes of action.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews and Stewart concur.

Mr. Justice Angstman: I concur with what is said in the foregoing opinion with respect to the first and sixth causes of action. As to the fifth cause of action, I am not able to find any conflict between sections 1630 and 4836, Revised Codes of 1921, and as to that cause of action I believe the majority opinion is erroneous.