[Crim. No. 114.    Third Appellate District.—June 17, 1910.]

## THE PEOPLE, Respondent, v. THOMAS DOYLE, Appellant.

CRIMINAL LAW—BURNING "STACKS" OF HAY—CONSTRUCTION OF PENAL CODE—SCATTERED "COCKS" OF HAY EXCLUDED.—Under section 600 of the Penal Code making it a felony willfully and maliciously to burn "any stack of hay" of the value of $25 or over, the willful and malicious burning of scattered "cocks of hay," not gathered into any "stacks," though of the value of $25 or over, however it may be punished, is excluded from being considered as a felony under the terms of that section.

ID.—DISTINCTION BETWEEN A "STACK" AND "COCK" OR "SHOCK" OF HAY.
There is a marked and well understood distinction between a "stack"
and a "cock" or "shock" of hay. Customarily, shortly after hay is
mowed or cut, it is raked into small piles or cocks, and is thus
allowed to remain until it becomes thoroughly dry or "seasoned,"
after which it is generally picked up and put into large piles called
"stacks."

ID.—CONSTRUCTION OF PENAL STATUTE—DESCRIPTION OF PROPERTY—
GENERAL RULE.—As a general rule, where any particular article of
property is mentioned in a penal statute as the subject of an offense,
only such property as is usually designated by such terms can be
regarded as having been intended by the legislature to be embraced
in its provisions.

ID.—CHARGE OF BURNING "STACKS" OF HAY—VARIANCE—PROOF OF
BURNING "COCKS" OF HAY—MISDEMEANOR.—Under an information
charging the defendant with a felony by willfully and maliciously
burning "stacks" of hay of the value of $25, in violation of section
600 of the Penal Code, and the proof shows only the burning of
"cocks" or "shocks" of hay, the variance in the proof is fatal, and
shows only a misdemeanor committed under section 594 of that code.

ID.—INAPPLICABLE AND MISLEADING INSTRUCTION—ABSTRACT CORRECT-
NESS—SIZE OF "STACKS."—Where the evidence shows no "stack" of
hay but only the burning of "cocks" or "shocks," of the value of
no more than one dollar each, an abstractly correct instruction, in-
applicable to the facts that if the jury "find from the evidence
beyond a reasonable doubt that the defendant did attempt to burn
certain stacks of hay of the value of $25, then you will find the de-
fendant guilty regardless of the size of the individual stacks of hay,
no matter whether they were large or small," was plainly calculated
to mislead the jury.

ID.—INSTRUCTION ERRONEOUSLY REFUSED.—The refusal of the court to
instruct the jury, as requested by the defendant, as to the proper
distinction between "stacks" and "cocks" of hay was prejudicially
erroneous.

ID.—DUTY OF COURT UNDER PROOFS.—Under the proofs, the court should
have advised the jury to acquit the defendant.

APPEAL from a judgment of the Superior Court of
Merced County, and from an order denying a new trial. E.
N. Rector, Judge.

The facts are stated in the opinion of the court.

Frank H. Farrar, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Re-
spondent.

HART, J.—The information under which the defendant was prosecuted and convicted charges him with the crime of maliciously attempting to burn "certain stacks of hay, of the value of $25 and over, the property of one W. A. Rucker," etc.

The crime which the defendant is thus charged with having attempted to commit is defined by section 600 of the Penal Code, which section, in so far as it concerns this investigation, reads as follows:

"Every person who willfully and maliciously burns . . . any stack of hay or grain or straw of any kind, or any pile of baled hay or straw, . . . of the value of $25 or over, not the property of such person, is punishable by imprisonment in the state prison for not less than one year, nor more than ten years."

The appeal is from the judgment and the order denying defendant's motion for a new trial, and the principal contention made by the appellant here is that the evidence does not sustain or correspond with the allegations of the information.

From the evidence it appears that one W. A. Rucker had under lease in the year 1909 a small tract of land in the city of Merced and on which, in the month of May of that year, he cut and raked into "cocks" about thirty tons of hay. These "cocks" were scattered about over the land and were situated a very few feet from each other.

The evidence shows that, between the hours of 8 and 9 o'clock on the evening of June 5, 1909, Rucker discovered a portion of the hay on fire; that he hastened to the field and extinguished the fire; that later on that same night another cock of hay was set on fire and that he again went to the field and, armed with shotgun, concealed himself behind a pile or cock of hay situated a distance of a few feet from the spot where the second fire occurred, his purpose being to discover, if possible, the person who evidently was trying to destroy all the hay in his field. A short time thereafter the defendant appeared in the field. He walked up to a cock of hay, stooped over it and at about this time Rucker, so he testified, "saw a lighted match or a blaze or something that he had, right between his body and the hay." Rucker then stepped up to the defendant, placed him under arrest and turned him over to the custody of the sheriff.

The defendant, it appears, resided with his sister, whose home and premises adjoined the land on which the fire occurred.

The proven circumstances were sufficient to justify the finding of the jury that the defendant set the fire to the hay with the purpose of destroying it. But the important question presented here is, as already stated in a little different language, Does the evidence disclose that the act of the defendant, although malicious, constituted an attempt to violate the provision of section 600 of the Penal Code declaring the malicious burning of "any stack of hay" of the value of $25 or more to be a felony?

It is plainly evident that, in order to answer the foregoing question in the affirmative, it must be satisfactorily shown that the legislature intended to include and embrace within the meaning of the phrase, "any stack of hay," as said phrase is employed in the code section, the piles of loose hay ordinarily and commonly designated as "cocks" or "shocks" of hay.

There is, as is generally known, a marked and well-understood distinction between a "stack" and a "cock" or "shock" of hay. Customarily, shortly after hay is mowed or cut, it is raked into small piles or cocks, and is thus allowed to remain until it becomes thoroughly dry or "seasoned," after which it is generally picked up and put into larger piles called "stacks." Webster, in his dictionary, thus defines a "stack": "A large pile of hay, bran, straw and the like, usually of a nearly conical form, but sometimes rectangular or oblong, contracted at the top to a point or ridge and sometimes covered with a thatch." The same author defines a "cock" of hay to be "a small conical pile of hay."

It will thus be observed that there is a wide distinction between a "stack" of hay and a "cock" of hay—a distinction equally as marked and obvious as is the difference between certain buildings, as, for example, a hotel and a private residence, or as is the difference between animals of the same species, as, for illustration, a horse and a mule.

It may be laid down as a general rule that where any particular article of property is mentioned in a penal statute, as the subject of an offense, only such property as is usually designated by such term can be regarded as having been intended by the legislature to be embraced within its provisions.

In a very early case in Ohio (*Denbow* v. *State etc.*, 18 Ohio, 11), the defendant was indicted and convicted under a statute making it penal "to set fire to, or burn, stacks of wheat." Nothing was said in said statute about "shocks" of wheat. Reversing the judgment of conviction, the supreme court of that state had this to say: "When things of the same kind have different names, arising from difference in size, number, age, situation, or any other circumstance, only such as are expressly mentioned by the terms generally appropriated to them can be held to have been contemplated by the legislature. The charge in this case was for burning stacks of wheat. The proof was the burning of shocks of wheat. Now, if the terms, shock of wheat, and stack of wheat, are equivalent, then the proof will sustain the indictment; but the only witness who testifies states that he considers them different. And in common parlance the two terms have a totally distinct and different signification. The shock is the term applied to the small collection and arrangement of a few sheaves together, in the field, in such manner as to protect them against the weather, for a few days, until the farmer has time to gather them into his barn, or place them in the conical pile called a stack."

It is very certain that, to sustain the judgment and order here, it would be necessary to read into the section of the code involved here language which the legislature has not inserted therein. This we cannot do without a manifest abuse of the power of courts in the construction of legislative enactments. (Code Civ. Proc., sec. 1858.)

Why the legislature did not include the act of maliciously burning "shocks" or "cocks" of hay within the penalty prescribed by section 600 of the Penal Code is a matter which need not be inquired into here. In the determination of the question decisive of the case here it is enough to know that the legislature did not do so, and that it is for that department of the government to say what wrongful acts shall incur the penalties of a felony and what acts declared unlawful shall incur those of a misdemeanor. The defendant could have been prosecuted either under the provisions of section 594 of the Penal Code or for attempting to commit the crime therein defined as a misdemeanor, and if it were important to ascertain the reason moving the legislature to omit to denounce the

act of burning "cocks" or "shocks" of hay as a felony, it may be found in the fact that, in the judgment of the lawmakers, crystallized and expressed in said section 594, punishment as a misdemeanor was sufficient for such an act.

In any event, under the foregoing views, the evidence does not sustain nor agree with the allegations of the information, and the given instructions upon the vital point, having been framed to coincide with and support an erroneous theory, were themselves necessarily erroneous and prejudicial.

For example, the following instruction which was read to the jury expresses the theory upon which the cause was presented by the people and tried by the court: "If you find from the evidence and beyond a reasonable doubt that the defendant, as charged in the information, did attempt to burn certain stacks of hay of over the value of $25, then you will find the defendant guilty, *regardless of the size of the individual stacks of hay, no matter whether they were large or small."* (Italics ours.) The foregoing instruction, while faultless as an abstract statement of the law, was not applicable to the facts developed by the evidence and was plainly calculated to mislead the jury. It is undoubtedly true that it would be immaterial whether a *stack* of hay is a large or small *stack,* if it is a *stack* within the meaning of that term as it is used in the statute and as it is herein shown to mean and such stack was of the value of $25 or more. In other words, a pile of hay may constitute a *stack* within the commonly understood signification of that word as applied to piles of loose hay, notwithstanding the fact that it may be smaller in size or contain a less quantity of hay than other stacks of hay, for we do not understand that stacks of hay, in order to be such, need be of uniform size or contain a certain precise quantity of hay.

The evidence in the case at bar, however, discloses, as we have shown, that the field in which the alleged attempt to burn was made contained "cocks" or "shocks" of hay—that is, there were small piles of loose hay scattered about over the field, each of which did not contain a quantity of hay of a value exceeding a dollar. In short, it is not disputed that the piles of hay in the field at the time of the attempted burning charged here were nothing more than mere "cocks" of hay and arose, if at all, to the proportions of "stacks" simply because they were erroneously so characterized in the informa-

tion and the instructions of the court. The truth is, that there was not in the entire field a pile of hay approximately the size of a "stack," as we understand that term. Therefore, the prejudicial effect of the quoted and other instructions becomes clearly apparent when it is considered that the court, in thus addressing the jury upon the law by the light of which they were to examine the evidence and so reach a conclusion upon the question of the guilt or innocence of the defendant, in substantial effect treated the "cocks" of hay proved as *small stacks* of hay and as "stacks" coming within the contemplation and intent of the statute. In other words, the court virtually told the jury that any pile of hay, regardless of its size, constituted a "stack" of hay, and, applying this instruction to the evidence, there was, manifestly, no other alternative for the jury but to find the defendant guilty, assuming, of course, that the fact that the defendant attempted to burn a "cock" or perhaps a number of "cocks" of hay was proved to their satisfaction.

Of course, it necessarily follows that the court's refusal to give the instructions requested by the defendant defining "stacks" and "cocks" of hay and the distinction between the two, as explained in Webster's dictionary, and as commonly understood, and declaring that unless the jury found the piles of hay attempted to be burned to be "stacks" as so defined, the defendant would be entitled to an acquittal, constituted prejudicial error. The fact is, under the proofs, the court should have advised the jury to acquit.

For the reasons stated in the foregoing, the judgment and order are reversed.

Chipman, P. J., and Burnett, J., concurred.