[Crim. No. 1843.   First Appellate District, Division One.—April 10, 1935.]

In the Matter of the Application of ANTHONY DURAND for a Writ of Habeas Corpus.

Gladys Towles Root for Petitioner.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Petitioner is imprisoned in the state prison at San Quentin and seeks to be released therefrom on *habeas corpus.*

He was sentenced thereto by the Superior Court of Los Angeles County pursuant to a judgment of conviction which recites that he pleaded guilty to "the crime of escape from the legal custody of an officer, to-wit: Chief of Police of the City of Los Angeles . . . in violation of section 107 Penal Code of California, a felony, as charged in the information". Said section 107 reads as follows: "Every prisoner charged with or convicted of a felony who is confined in any jail or prison or an inmate of any public training school or reformatory or county hospital or who is engaged on any county road or other county work or who is in the lawful custody of any officer or person, who escapes or attempts to escape from such jail, prison, public training school, reformatory or county hospital, or from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony and is punishable by imprisonment in the state prison not exceeding ten years, or fined not exceeding ten thousand dollars, or by both such fine and imprisonment."

The first point made by petitioner is that said section is unconstitutional. In this regard he contends that inasmuch as it does not specify the person or persons (not an officer or officers) in whose custody a prisoner must be at the time of the escape, in order to commit the crime therein denounced, said section is "too vague, indefinite and uncertain to form a basis for a standard of guilt".

It is a well-settled rule, however, that in order to raise a constitutional question the party complaining must show that his rights are injuriously affected by the portion of the law he is attacking; that it must appear he is aggrieved by the operation of that particular part of the law. (5 Cal. Jur. 622, 623.) In the present case the information

to which petitioner pleaded guilty, and the judgment of conviction pursuant to which he was sentenced, both show that at the time of the alleged escape petitioner was not in the custody of a person acting without official capacity, but was in the custody of an officer, namely, the chief of police of Los Angeles. It follows, therefore, that his case does not fall within nor are his rights in any way affected by that part of section 107 involved in the constitutional question he seeks to have determined.

Petitioner's second point is that said section 107, as indicated by the opening clause thereof, applies only to persons "charged with or convicted of a *felony*" (italics ours), whereas it affirmatively appears from the information in the present case that at the time of the alleged escape he was under conviction for a misdemeanor; and he contends, therefore, that the information does not state a public offense.

Irrespective of whatever force there may be in petitioner's point, the question raised thereby is no longer an open one so far as the courts are concerned because it has been held by the Supreme Court in the case of *In re Haines,* 195 Cal. 605 [234 Pac. 883], in conformity with a previous decision rendered by the District Court of Appeal (*In re Haines,* 68 Cal. App. 522 [229 Pac. 984]), that the said section 107 applies to misdemeanor prisoners as well as to felony prisoners.

The writ is discharged and the prisoner is remanded.

Tyler, P. J., and Cashin, J., concurred.