[Crim. No. 1796.   Third Dist.   Feb. 14, 1942.]

In re PHILIP C. WILKINS, on behalf of FRANK RAMIREZ, on Habeas Corpus.

Philip C. Wilkins for Petitioner.

Otis D. Babcock, District Attorney, and Richard Lawrence, Deputy District Attorney, for Respondent.

THOMPSON, Acting P. J.—By means of habeas corpus the petitioner seeks to secure his release from the custody of the Sheriff of Sacramento County. He is held upon a charge of felony under section 4532 of the Penal Code for escaping from the Sacramento County Industrial Road Camp. After a preliminary examination, an information was filed in the superior court, charging him with the felony provided for by that section. A motion to set aside the information, under section 995 of the Penal Code, on the ground that he was illegally committed without probable cause, was denied. The evidence shows that he was convicted on June 30, 1941, of the misdemeanor of vagrancy under section 647 of the Penal Code, and sentenced to imprisonment in the county jail at Sacramento for the term of 130 days. He was transferred to the Sacramento County Industrial Road Camp, from which he escaped September 16th. He was subsequently apprehended and the felony charge for escaping from the officers of that camp was then instituted. He has served his sentence for the misdemeanor charge.

It is contended the petitioner is illegally held in custody and charged with the felony of escaping from the road camp for the reason that section 4532 of the Penal Code has no application to the escape of a prisoner from a road camp who is committed thereto for a mere misdemeanor.

We are of the opinion the petitioner is illegally held in custody. Section 4532 of the Penal Code clearly provides that a "prisoner charged with or convicted of *a felony*" only, who escapes from the institutions therein named, shall be guilty of a felony. It makes no reference to the escape of a prisoner who is merely charged with or convicted of a misdemeanor. That section reads:

"Every prisoner charged with or convicted of a felony who is confined in any jail or prison or industrial farm or industrial road camp or who is engaged on any county road or other county work or who is in the lawful custody of any officer or person, who escapes or attempts to escape from such jail, prison, industrial farm or industrial road camp or from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony. . . ."

The foregoing section does not make it a felony, or any offense whatever, for a prisoner to escape from the institutions mentioned therein, who is committed thereto on a mere charge of misdemeanor. It is only such prisoners as are committed or charged with a felony who become guilty of a separate crime for escaping from such custody. If the legislature had intended to make it a felony for a prisoner to escape, regardless of whether he was committed for a misdemeanor or a felony, it would have been very easy for it to have so provided. The fact that the legislature specifically refers to the escape of "every prisoner charged with or convicted of *a felony,*" leads to the inevitable conclusion that the legislature deliberately omitted from that statutory offense of escaping from the custody of officers those prisoners who were merely charged with or convicted of misdemeanors. The foregoing construction of the application of section 4532 is reinforced by reference to the heading which precedes that section of the Penal Code. It reads, "From jail, industrial farm or road camp; *Felons and persons accused of felony*: Punishment." (Italics added.) From this heading it is apparent that it is merely "felons and persons accused of felony" who are deemed to be guilty of the offense defined in that section when they escape. The term "felony" does not include the offense of a mere misdemeanor. (Sec. 17 of the Penal Code; Black's Law Dictionary, 3rd ed. 764.) Section 17 of the Penal Code defines the term "felony" as follows: "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. . . ." In Black's Law Dictionary, *supra,* it is defined as "A crime of a graver or more atrocious nature than those designated as 'misdemeanors'."

It may not be reasonably said that a prisoner "who

escapes" from institutions other than that of the county jail is subject to the penalty therein prescribed if he had been committed for a mere misdemeanor, while those who escape from the *jail* must have been "charged or convicted of a felony." There is no room for that distinction. Clearly the various institutions successively mentioned in that section, from which the escape occurs, refer to one and the only class of prisoners which is therein described, namely, "prisoners charged with or convicted of *a felony.*" In 2 Lewis' Statutory Construction, 2nd ed., p. 918, sec. 491, it is said: "When a statute, defining an offense, designates one class of persons as subject to its penalties, all other persons are deemed to be exempted." For the application of the principle included within the common Latin phrase, "expressio unius est exclusio alterius", see *People* v. *Doyle,* 13 Cal. App. 611 [110 Pac. 458], and 15 Words & Phrases, Permanent edition, at page 765.

Section 107 of the Penal Code, as it now exists, has no application to this case, for it is confined to prisoners who escape from public training schools, reformatories or county hospitals. But the heading to that section also confines its application to "escapes of *felony prisoners* from other places of detention." (Italics added.)

When the case of *In re Haines,* 195 Cal. 605 [234 Pac. 883], was decided in 1925, section 107 of the Penal Code, as it then existed, was preceded with the heading "Punishment for escape of *prisoners.*" The court seems to have placed great stress on that heading in support of its construction. In enacting section 4532, in 1941, the heading to the former section 107 was omitted, and it now applies, according to the present heading to "Felons and persons accused of felony." Moreover, section 4532 was not adopted as an amendment to former section 107. That section was amended in 1941, to apply only to escaped prisoners from public training schools, reformatories and county hospitals. Section 4532 was adopted as a new section which is "added" to the code in part 3 of the Penal Code, "relating to prisons, jails, prisoners, terms and conditions of imprisonment, the death penalty, parole, reprieves, commutations, pardons, and convict-made goods." (Stats. 1941, p. 1080.)

In support of our construction of section 4532, we may reasonably assume the legislature considered it a more grievous offense for a felon to escape from the custody of officers

than for a prisoner who is merely guilty of a misdemeanor, such as vagrancy. The first class is likely to be more dangerous to society than the latter class. The fact that the legislature considered it a more grievous offense for a felon to escape from custody than for a prisoner who was previously convicted of a mere misdemeanor is evidenced from the penal statutes which formerly existed with relation to the subject of escapes from custody. Section 105 of the Penal Code, which was repealed in 1941, made it a felony for "Every prisoner confined in a state prison" to escape. Section 106, which was also repealed in 1941, made it a felony for "Every prisoner committed to a state prison" who escaped while he was being conveyed to or from prison, or while engaged in the performance of work "outside such prison." Section 107, as it existed prior to the amendment thereof in 1923, merely provided that prisoners who escaped from "any other prison than the state prison" would be guilty of a misdemeanor only. It then read:

"Every prisoner confined in any other prison than the state prison, who escapes or attempts to escape therefrom, *is guilty of a misdemeanor.*" (Italics added.)

It thus appears that the legislature evidently considered it a much more serious offense for a felon who is committed to state prison to escape.

At least the clear language of the section, as it now exists, omits to include prisoners who have been convicted of misdemeanors only, and we are unable to reasonably hold that such petty offenders were intended, by mere inference, to be included within the class who are declared to be guilty of a felony for escaping from custody.

We are of the opinion that *In re Haines, supra,* upon which the respondent relies, is not authority for holding that section 4532 applies to escaped prisoners who have been formerly convicted of mere misdemeanors.

The writ is granted and the petitioner is discharged.

Tuttle, J., and Steel, J. pro tem., concurred.