[Crim. No. 4423. In Bank. Oct. 30, 1942.]

In re GRADY HALCOMB, on Habeas Corpus.

Seibert L. Sefton for Petitioner.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

CURTIS, J.—Petitioner, now in custody of the warden of the California State Prison at San Quentin, seeks by habeas corpus proceeding his release from said imprisonment. His petition shows that he was convicted of a misdemeanor and sentenced to one year's imprisonment in the county jail at San Bernardino. At his own request he was assigned to work upon the county prison road gang of said county for the term

of his imprisonment, and while a prisoner in said road gang, and on the 22d day of January, 1942, he escaped therefrom. Upon his apprehension by the officials of said county he was charged with the "crime of escape—a felony." He pleaded guilty to said charge and was sentenced to imprisonment in the California State Prison at San Quentin for the term prescribed by law.

The information charging petitioner with the crime of escape does not specify any particular section of the code, the violation of which would constitute the crime of escape. It simply alleged that he escaped from the custody of the sheriff of said county contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the People of California.

Prior to 1941, section 107 of the Penal Code was the only section of that code that made it a crime for a prisoner to escape from legal custody, but in that year the Legislature split section 107 into two parts and gave one of said parts the old number 107, and the other part the new number of 4532. These two sections were in effect at the date of the alleged crime of escape to which the petitioner pleaded guilty. The present section 107 of the Penal Code relates only to escapes or attempted escapes "from any training school or reformatory or county hospital." It is perfectly clear that petitioner was not guilty of the violation of this section of the code.

Section 4532 of the Penal Code as enacted in 1941, reads as follows:

"Every prisoner charged with or convicted of a felony who is confined in any jail or prison or industrial farm or industrial road camp or who is engaged on any county road or other county work or who is in the lawful custody of any officer or person, who escapes or attempts to escape from such jail, prison, industrial farm or industrial road camp or from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony and is punishable by imprisonment in the State prison not exceeding 10 years, or by a fine not exceeding ten thousand dollars ($10,000), or by both such fine and imprisonment."

It is the position of the petitioner that section 4532 applies only to escapes of "persons charged with or convicted of a felony," and as at the time of his escape petitioner was under

conviction of a misdemeanor only, he violated no provision of this section of the code in eluding the custody of the officer who at the time had him in charge.

Insofar as the question now before us is concerned section 4532 of the Penal Code, as in effect at the time petitioner made his escape, does not differ materially except as to the punishment from section 107 of the Penal Code, enacted in 1923 and construed by this court in the year 1925 in the case of *In re Haines,* 195 Cal. 605 [234 P. 883]. Section 4532 of the Penal Code applies to escapes of every character mentioned in section 107 of the Penal Code in effect in 1925 and construed in *In re Haines, supra,* except escapes from a "public training school, reformatory or county hospital." These just mentioned, as stated above, are covered by the new section 107 of the Penal Code enacted in 1941. The only additional provisions contained in section 4532 not found in section 107 as amended in 1923 include "industrial farm or industrial road work" and the present section provides that an escape from either of those places is a crime. It will therefore be seen that insofar as material to this proceeding, section 4532 of the Penal Code is precisely like section 107 of the Penal Code as construed by this court in *In re Haines, supra.*

In the case of *In re Haines, supra,* the petitioner was convicted of the crime of malicious mischief, a misdemeanor, and while serving a sentence in the county jail of Shasta County as punishment for said crime, he escaped from the legal custody of the officer who then had charge of him. He was apprehended and charged with the crime of escape. By virtue of this charge he was imprisoned and restrained of his liberty by the sheriff of said county. He instituted habeas corpus proceedings and in support thereof contended "that the charge under which he is held and thereby deprived of his liberty does not constitute a public offense 'inasmuch as, at the time of said alleged escape said George Haines was not a prisoner charged with or convicted of a felony, but was a prisoner convicted of a misdemeanor'; that section 107 of the Penal Code 'applies only to prisoners charged with or convicted of a felony.' " This is precisely the position of the petitioner in this proceeding. This court held in that case that the contention of petitioner was without merit and remanded the petitioner.

It is not necessary for us in this proceeding to discuss the grounds upon which the court decided the question in-

volved in that case. It is sufficient we think to call attention to the fact that this decision was rendered over seventeen years ago, and it has never been overruled. It is evident that the opinion was prepared with unusual care and after a most thorough and minute consideration of the various provisions of the section and of their relation to the intent and purpose of the Legislature in the enactment of the section. It was the unanimous decision of the court as then constituted. The section of the code as therein construed has never been repealed nor amended in any material respect except as stated above. Moreover the provisions thereof material to the present proceeding were re-enacted as section 4532 at the recent session of the Legislature.

Prior to the decision of *In re Haines, supra,* by this court, the District Court of Appeal in an application by the same petitioner had reached the same conclusion as that at which this court arrived in construing said section (*In re Haines,* 68 Cal.App. 522 [229 P. 984]), and at a later date but prior to 1941, the District Court of Appeal had the same question before it in the case of *In re Durand,* 6 Cal.App.2d 69 [44 P.2d 367]. In the latter decision it was ruled: ''Irrespective of whatever force there may be in petitioner's point, the question raised thereby is no longer an open one so far as the courts are concerned because it has been held by the Supreme Court in the case of *In re Haines,* 195 Cal. 605 [234 P. 883], in conformity with a previous decision rendered by the District Court of Appeal (*In re Haines,* 68 Cal.App. 522 [229 P. 984]), that the said section 107 applies to misdemeanor prisoners as well as to felony prisoners.'' ■ The Legislature is presumed to have known of these decisions and to have had them in mind when it enacted section 4532 of the Penal Code in practically the exact language of section 107 of the Penal Code as in force at the time of the decisions construing the earlier section. (*Estate of Moffitt,* 153 Cal. 359 [95 P. 653, 1025, 20 L.R.A. N.S. 207] ; *Whitley* v. *Superior Court,* 18 Cal.2d 75, 78 [113 P.2d 449] ; *Miller* v. *McColgan,* 17 Cal.2d 432 [110 P.2d 419, 134 A.L.R. 1424].)

■ The sole reliance of petitioner in support of his petition is upon the case of *In re Ramirez* decided by the District Court of Appeal and reported in 49 Cal.App.2d 709 (February 14, 1942), [122 P.2d 361]. The decision in that case is in direct conflict with the decision of this court in the case of *In re Haines, supra,* and for that reason should be and is

hereby disapproved. ■ While not relying solely upon the "heading" preceding section 4532 of the Penal Code as a ground for its decision, the District Court of Appeal refers to said "heading" to reinforce its construction of said section. The headings to this section are indicated as enclosed in brackets, and are not to be regarded as official. (Deering Pen. Code, 1941, p. xxii.) Evidently they are inserted in the code by the publisher and as such they are not binding upon the courts. Even if the heading of this section were contained in its official enactment, it would not govern, limit or modify nor in any manner affect the scope, meaning or intent of said section. (Pen. Code, § 10004.) This last mentioned section of the Penal Code was a part of the same statute enacted in 1941, which amended section 107 of the Penal Code, by dividing the then existing section into two parts, one of which is the present section 4532 of the Penal Code.

For the reason stated herein the petition is denied and the petitioner is remanded to the custody of the warden of the State Prison at San Quentin.

Gibson, C. J., Shenk, J., Carter, J., and Schauer, J. pro tem., concurred.

TRAYNOR, J.—I dissent. Section 4532 of the Penal Code plainly defines the class of persons to whom the section applies as "Every prisoner *charged with or convicted of a felony.*" (Italics ours.) The qualifying phrase is unequivocal. Whether or not it is wise is a concern of the Legislature and not of courts. The courts cannot lift qualifying phrases from legislation without usurping legislative functions and the usurpation is particularly flagrant when the phrase has been added by amendment. As first enacted in 1872, section 107, the forerunner of section 4532, simply provided: "Every prisoner confined in any other prison than the state prison, who escapes or attempts to escape therefrom, is guilty of a misdemeanor." In 1923 the Legislature amended the section, making the crime a felony and amplifying the scope of the section by setting forth additional circumstances under which escapes might be made or attempted. At the same time the word "prisoner" was qualified by the phrase "charged with or convicted of a felony." Sections 105 and 106 covered the escape of felons who were imprisoned or being conveyed to or from prison. Section 107 was intended to cover escape under other circumstances, including

escape from the lawful custody of any officer, or from a county jail pending trial after indictment or preliminary examination or after conviction and final judgment preceding removal to the state prison. As a result there was no longer any provision for the punishment of misdemeanants who escaped or attempted to escape. The legislative history of the bill amending section 107 set forth in the opinion in *In re Haines*, 195 Cal. 605, 608, 614-616 [234 P. 883], indicates that the Legislature deliberately excluded misdemeanants. It may well be that the Legislature was unwilling to bring misdemeanants within the scope of an amendment converting a misdemeanor to the more serious crime of felony. There is no way of determining with certainty whether the omission was deliberate or an oversight. In any event it is no ordinary omission, no mere absence of a phrase. Misdemeanants are excluded because felons are singled out in a qualifying phrase that states what it means in the simplest terms. The court cannot reject its obvious interpretation without denying all assurance that an act of the Legislature will be interpreted to mean what it says. It is for the Legislature and not the court, to confirm the omission if it was intended, or to correct it if it was not. (Code Civ. Proc., § 1858.) It is questionable whether the court should undertake to correct even an obvious oversight when the Legislature has it within its power to do so. Whatever delay attends legislative action is far outweighed by the uncertainty that must attend judicial correction of legislative lapses. There is always the possibility that the Legislature intended a provision to be read as it is written, however unwise it appears. The court's refusal to read it as it is written makes it impossible for any one to rely upon the written word of the Legislature.

For the foregoing reasons *In re Haines, supra,* and *In re Durand,* 6 Cal.App.2d 69 [44 P.2d 367], should be overruled. Age has not hallowed their error. The qualifying phrase that they sought to conjure away still stands in plain, unmistakable words to mock the interpretation that would interpret away its existence. The failure of the Legislature to change the language of the statute thereafter, far from being an adoption of the court's revision, represents merely a failure to undertake its own revision. The division in 1941 of section 107 of the Penal Code into sections 107 and 4532 was not a revision, and the problem raised by the qualifying phrase was carried over into the rearrangement. The amendment of 1933 simply prescribed the punishment previously

incorporated by reference to section 108 of the Penal Code, while the 1935 amendment merely included ''industrial farm or road camp'' among the places from which it was a felony to escape or attempt to escape. There is no evidence that the Legislature ever had its attention directed to the construction in question. It is unrealistic to suppose that it can take note, much less deliberate the effect, of each judicial construction of statutory provisions, absorbed as it is with forging legislation for an endless number and variety of problems, under the constant pressure of considerations of urgency and expediency. The fiction that the failure of the Legislature to repudiate an erroneous construction amounts to an incorporation of that construction into the statute not only commits the Legislature to embrace something that it may not even be aware of, but bars the court from re-examining its own errors, consequences as unnecessary as they are serious. It is an iniquitous fiction indeed that reads into the Legislature's silence an acceptance of a construction belied by the phrase whose insistent presence drowns out the interpretation that would be its requiem. (See *Toucey* v. *New York Life Ins. Co.*, 314 U.S. 118, 139-140 [62 S.Ct. 139, 86 L.Ed. 100]; *Helvering* v. *Hallock*, 309 U.S. 106, 119-121 [60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368].)

Edmonds, J., concurred.

Petitioner's application for a rehearing was denied November 27, 1942. Edmonds, J., and Traynor, J., voted for a rehearing.