[Crim. No. 4426. In Bank. Oct. 30, 1942.]

In re BERT PETRIE, on Habeas Corpus.

[Crim. No. 4422. In Bank. Oct. 30, 1942.]

In re PAUL BAFFORD, on Habeas Corpus.

Seibert L. Sefton, Harry A. Houser and Owen D. Richardson for Petitioners.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

CURTIS, J.—These two proceedings involve practically the same question of law. Each of the petitioners was originally convicted of a misdemeanor—Paul Bafford of petit theft and Bert Petrie of the charge of drunkenness—and while in the lawful custody of a peace officer under a judgment of conviction of the crime of which he was charged, each escaped from said officer. After his apprehension, each was convicted of, or pleaded guilty to, the crime of escape, and by a judgment of the superior court of the county in which the action was pending, each was sentenced to a term of imprisonment in one of the state prisons of the state. Each of the petitioners has applied to this court through separate proceedings in habeas corpus to be released from his said imprisonment, contending that he is illegally imprisoned by the warden of said state prison.

Bafford in the first instance was committed to the California State Prison at Folsom, but was later transferred to San Quentin where he remained up to the date of the filing of this present petition. Petrie was sentenced direct to San Quentin. Each of the petitioners was convicted under the provisions of section 107 of the Penal Code as enacted in 1935, and prior to its amendment in 1941. This section of the code was originally enacted in 1872, and amended in 1923. It was subsequently amended in 1933 and again in 1935. The amendment of 1933 made no change in the section as it stood in 1923, except as to the punishment for the offense of escape. It provided as did the section as amended in 1923, that a prisoner violating the terms of the section was guilty of a felony. The section as amended in 1923 fixed the punishment "as provided in section 108 of the Penal Code," while the section as amended in 1933, provided for a definite term of imprisonment in the state prison or a fine or both. The section as amended in 1935 simply added "industrial farm or industrial road camp" as the places from which should a prisoner escape, he would be guilty of the crime of escape. Nothing contained

in the section as amended in 1923, was omitted from the section either by the 1933 or the 1935 amendments. Therefore, a comparison of the two amendments subsequent to 1923 and prior to 1941 with said section prior to these two amendments indicates that except as to the punishment provided in the several enactments, no material change was made in the section as it stood after the amendment of 1923 by either of said two amendments.

In the case of *In re Haines,* 195 Cal. 605 [234 P. 883], it was held that said section 107 as amended in 1923 applied to a misdemeanor prisoner as well as a felony prisoner. That case was reviewed by us in the decision of *In re Halcomb,* this day filed, in determining whether section 4532 of the Penal Code, enacted in 1941, the terms and provisions of which are not materially different from those contained in section 107 as amended in 1923, applied to misdemeanor as well as to felony prisoners. We held that the same construction given to section 107 as amended in 1923 should be given to section 4532 of the Penal Code, as enacted in 1941. It follows, therefore, that section 107 of the Penal Code as amended in 1935 which was in effect at the time each of these petitioners made his escape, does not differ materially insofar as the case against either of these petitioners is concerned from either section 107 as amended in 1923, or section 4532 as enacted in 1941. The same construction should be given to the 1935 amendment as has been given to both section 107 as amended in 1923, and section 4532 as enacted in 1941. In other words as section 107 of the Penal Code as amended in 1923 and as construed in *In re Haines, supra,* applied to misdemeanor prisoners as well as to felony prisoners, so the same section which had not since been materially changed and was in effect at the time each petitioner committed the crime of escape of which he was convicted, must be construed as applying to them, although at the time of their escape they were under conviction of a misdemeanor only.

It is therefore ordered that the petition of each petitioner be and the same is hereby denied, and each petitioner is hereby remanded to the custody of the warden of the California State Prison at San Quentin.

Gibson, C. J., Shenk, J., Carter, J., and Schauer, J. pro tem., concurred.

TRAYNOR, J.—I dissent for the reasons set forth in the dissenting opinion *In the Matter of the Petition of Grady*

*Halcomb for a Writ of Habeas Corpus, ante,* p. 126 [130 P.2d 384], this day filed.

Edmonds, J., concurred.

Petitioner's application for a rehearing in Crim. No. 4422 was denied November 27, 1942. Edmonds, J., and Traynor, J., voted for a rehearing.