[Crim. No. 3578.   Second Dist., Div. Three.   Nov. 4, 1942.]

THE PEOPLE, Appellant, v. ERSKINE RALPH SMILLIE, Respondent.

Earl Warren, Attorney General, and Frank Richards, Deputy Attorney General, for Appellant.

Henry Grivi for Respondent.

SCHAUER, P. J.—Defendant was charged by information filed in the superior court with the crime of "Escape from the Legal Custody of an Officer . . . in Violation of Section 4532 of the Penal Code of California, a felony." The information specifically alleged that the defendant "on or about the 16th day of February, 1942, at and in the County of Los Angeles . . . being then and there in the lawful custody

of . . . duly appointed, qualified and acting officers of the California Highway Patrol, . . . under and by virtue of an arrest of said defendant upon three charges of traffic violations, *misdemeanors,* did then and there willfully, unlawfully and feloniously escape from the custody of said officers." (Italics added.) On arraignment defendant moved to dismiss the information upon the ground (Pen. Code, § 995, subd. 2) "That the defendant had been committed without reasonable or probable cause."

■ The theory of the motion was that section 4532 of the Penal Code had no application to persons charged only with *misdemeanors,* who escaped from custody, and that defendant here, at the time of his escape, was in custody solely on misdemeanor charges. The trial court granted the motion and from such order plaintiff appeals. The order must be reversed.

At the time this matter was before the trial court (March 12, 1942) there had recently been decided in the District Court of Appeal (Third District) the case of *In re Ramirez,* (Feb. 14, 1942) 49 Cal.App.2d 709 [122 P.2d 361], in which it was held that section 4532 of the Penal Code applied exclusively to a "prisoner charged with or convicted of *a felony.*" The Ramirez case was not presented to the Supreme Court on direct review, but more recently that court has had the construction of section 4532 of the Penal Code before it in the cases of *In re Halcomb,* (1942) 21 Cal.2d 126 [130 P.2d 384] (Crim. No. 4423) ; *In re Haynes,* (1942) 21 Cal.2d —— [130 P.2d 388] (Crim. No. 4424) ; and *In re Petrie,* (1942) 21 Cal.2d 132 [130 P.2d 712]. In the Halcomb case the court referred to the Ramirez decision and said, "The decision in that case is in direct conflict with the decision of this court in the case of *In re Haines, supra,* [(1925) 195 Cal. 605 [234 P. 883]] and for that reason should be and is hereby disapproved."

Upon the authority of the cases hereinabove cited, the order appealed from is reversed, and the cause is remanded for continuation of proceedings under the information.

Shinn, J., and Wood (Parker), J., concurred.