[Crim. No. 3704.   Second Dist., Div. One.   July 8, 1943.]

THE PEOPLE, Respondent, v. EARL C. WILSON, Appellant.

Earl C. Wilson in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and Eugene M. Elson, Deputy Attorney General, for Respondent.

YORK, P. J.—Appellant by information was charged with the crime of escape, in that on or about the 8th day of May, 1942, he "did willfully, unlawfully and feloniously escape from the Wayside Honor Farm," while confined therein as a prisoner having theretofore been convicted of a violation of section 503 of the Vehicle Code, a felony.   Appellant entered his plea of not guilty to the charge, waived a jury trial and upon stipulation the testimony taken at the preliminary

hearing was admitted in evidence on behalf of the People. No evidence was offered by appellant. Thereafter the court found appellant guilty of the offense, as charged in the information, and sentenced him to the State Prison at San Quentin for the term prescribed by law.

Although represented by counsel at the trial, appellant prosecutes this appeal from the judgment in propria persona, and has filed a brief which fails to raise a question of law. Nevertheless, because of the peculiar circumstances surrounding the case, some discussion seems necessary in order to explain the conclusion reached by this court.

█ The record reveals that in March, 1942, appellant was convicted of a violation of section 503 of the Vehicle Code, a felony, but the trial court, instead of sentencing appellant to the state prison, imposed the alternative sentence of one year in the county jail, as permitted by the terms of section 503, *supra*. By such action, appellant's crime was thereby reduced or changed from a felony to a misdemeanor, pursuant to the terms of section 17 of the Penal Code, to wit: "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, *it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison.*" (Emphasis added.) Therefore, when appellant on May 8, 1942, made his escape from the Wayside Honor Farm, to which he had been transferred from the county jail, he was serving a sentence for a misdemeanor.

Prior to this, to wit, on February 14, 1942, the case of *In re Ramirez,* 49 Cal.App.2d 709 [122 P.2d 361], in a well-reasoned opinion, held that section 4532 of the Penal Code relating to escapes had reference only to those persons convicted of felonies, and did not apply to a person theretofore convicted of a misdemeanor.

█ Although he made his escape from the Wayside Honor Farm on May 8, 1942, the information based on section 4532, *supra,* charging appellant with the crime of escape was not filed until the following December (1942). Meanwhile, the Supreme Court on October 30, 1942, in the case of *In re Halcomb,* 21 Cal.2d 126 [130 P.2d 384] and companion cases, dis-

approved the holding in the Ramirez case and decided that section 4532, *supra*, applied to escapes by persons convicted of misdemeanors, as well as of felonies. (See, also, *People* v. *Smillie*, 55 Cal.App.2d 381 [130 P.2d 714].)

Since this court is bound by the decision of the Supreme Court in the Halcomb case, we are under the necessity of affirming the judgment of the trial court.

For the reasons stated, the judgment is affirmed.

DORAN, J., and WHITE, J.—We concur, but we do so with misgiving and only because this court, by tradition and practice, is expected to follow the decisions of the Supreme Court, which in the situation here presented are *In re Haines*, 195 Cal. 605 [234 P. 883], and *In re Halcomb*, 21 Cal.2d 126 [130 P.2d 384]. The action of the 1943 Legislature (Assembly Bill 479—Stats. 1943, chap. 635) in amending section 4532 of the Penal Code, so as to provide for a county jail sentence in the cases of misdemeanants who escape or attempt to escape from lawful custody, adds weight to the dissenting opinion of Mr. Justice Traynor in the Halcomb case, *supra*, wherein he said ''The courts cannot lift qualifying phrases from legislation without usurping legislative functions and the usurpation is particularly flagrant when the phrase has been added by amendment.'' In view of the aforesaid legislative action, particular pertinency attaches to what Mr. Justice Traynor further said in his dissent when he declared ''There is always the possibility that the Legislature intended a provision to be read as it is written, however unwise it appears. The court's refusal to read it as it is written makes it impossible for any one to rely upon the written word of the Legislature.'' By the action taken at its recent session in amending section 4532 of the Penal Code, the Legislature affirms the logical construction placed upon the language and the legislative history of the 1923 amendment to section 107 of the Penal Code (part of which is now section 4532) by Mr. Justice Traynor in his dissenting opinion, *supra*, and which amendments gave rise to the decisions in the cases of *In re Haines* and *In re Halcomb*, *supra*, which require us, in practice, to affirm a judgment we regard as violative of natural justice and at variance with a legislative intent clearly appearing in the language of the 1923 statute and its legislative history.

We are in accord with what we regard as the timely admonition contained in Mr. Justice Traynor's dissenting opinion, *supra,* wherein he urges, for the reasons advanced by him, that the decisions *In re Haines, supra,* and *In re Durand,* 6 Cal. 2d 69 [44 P.2d 367], should be overruled.