Mary **MASON**; Linda Scott; and Arwilda Jones, Plaintiffs,

v.

**FIDELITY FEDERAL BANK, FSB; et al., Defendants.**

No. Civ.A. 99–A–23–N.

United States District Court, M.D. Alabama, Northern Division.

Feb. 24, 1999.

Wilson Daniel Miles, III, C. Lance Gould, Beasley, Wilson, Allen, Crow & Methvin, PC, Montgomery, AL, Jerry L. Thornton, Hayneville, AL, Will R. Kelly, Hayneville, AL, for plaintiffs.

Edwin O. Rogers, Joshua J. Wright, Hand Arendall, L.L.C., Birmingham, AL, for defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is now before the court on a Motion to Remand, filed by the Plaintiffs, Mary Mason, Linda Scott, and Arwilda Jones. The Plaintiffs originally filed a Complaint against Fidelity Federal Bank, FSB; Bank Plus Corporation; American Direct Credit; Interstate Engineering; Trevores R. Wills d/b/a No Limit Systems; Trevores R. Wills, and fictitious defendants in the Circuit Court of Lowndes County, Alabama. The Complaint alleges counts of fraudulent representation (count one); innocent, reckless, negligent or wanton misrepresentation (count two); conspiracy to defraud (count three); wanton hiring, training, and supervision (count four); negligent hiring, training, and supervision (count five); negligence (count six); and wantonness (count seven).

Fidelity Federal Bank, Bank Plus Corporation, and American Direct Credit filed a Notice of Removal on January 8, 1999. Removal was based upon complete pre-emption under the National Bank Act. Trevores Wills and Trevores Wills d/b/a No Limit Systems filed a Consent to Removal on January 14, 1999. The Defendants state that Interstate Engineering has not been served with a copy of the Summons and Complaint. The Plaintiffs filed a Motion to Remand on January 26, 1999.

For the reasons herein discussed, this motion is due to be GRANTED.

### II. FACTS

This case is brought by three different plaintiffs based on representations made to them about the financing of vacuum cleaners. Plaintiff Mason states that an employee of Defendant No Limit Systems, acting as an agent for all Defendants, told her that to purchase a vacuum cleaner, she would pay $54.00 a month until she had paid a total of $2046.60, and that this amount included interest. Plaintiff Linda Scott alleges that an employee of No Limit Systems, acting as an agent for all Defendants, told Scott that she would pay $52.00 per month until she paid a total of $2046.60, and that this amount included interest. Plaintiff Arwilda Jones states that an employee of No Limit Systems, acting as an agent for all Defendants, told her that she would pay $51.00 per month for three years, after which time the Tri-Star vacuum cleaner would be paid for. All three Plaintiffs state that they had to pay a higher amount for the Tri-Star vacuum cleaner than they agreed to, that they have lost interest on their payments, and that they have suffered mental anguish and have otherwise been injured and damaged.

### III. REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072,

1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts have the power only to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 114 S.Ct. at 1675. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

## IV. *DISCUSSION*

 Removal of a case to federal district court by a defendant is only proper if the case brought by the plaintiff in state court originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In this case, the Defendants argue that the court has federal question jurisdiction over the Plaintiffs' claims. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425. In this case, the Plaintiffs have only asserted state law claims so that, on the face of the Complaint, there is no federal question jurisdiction.

 There is, however, an exception, or corollary, to the well-pleaded complaint rule and it is this exception to which the Defendants point in claiming that this court has federal question jurisdiction. This exception is known as the "complete pre-emption" doctrine. This exception is recognized in the rare instance Congress so "completely pre-empts a particular area that any civil complaint ... is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The situations in which the complete pre-emption exception applies are so rare that the Supreme Court has found complete pre-emption in only a few areas. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (§ 301 of the LMRA completely pre-empted a state cause of action for violation of contracts); *Metropolitan Life,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (§§ 502(a)(1)(B) and 502(f) of ERISA completely pre-empted state contract and tort claims); *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974) (federal law pre-emption with regard to tribal lands).

The Defendants have argued for the application of the complete pre-emption doctrine to the instant case based on §§ 85 and 86 of the National Banking Act ("NBA"). The NBA states in part, that a national bank "may ... charge on any loan ... interest at the rate allowed by the laws of the State ... where the bank is located...." 12 U.S.C. § 85. The NBA further provides for a civil enforcement mechanism. *See* 12 U.S.C. § 86.

The Defendants cite several cases holding that §§ 85 and 86 of the NBA "completely pre-empt" state-law claims challenging "interest" charged by a national bank, and thus that such claims are removable from state to federal court. *See, e.g., M. Nahas & Co. Inc. v. First Nat'l Bank of Hot Springs,* 930 F.2d 608 (8th Cir. 1991); *Moss v. Southtrust Mobile Services,* Civil Action No. 95–P–1647–W (N.D.Ala. Sept. 22, 1995) (Pointer, J.); *Hunter v. Rich's Dep't Stores,* 945 F.Supp. 1500 (N.D.Ala.1995) (Propst, J.). There is, however, contrary precedent on the issue of whether the NBA completely pre-empts state-law claims challenging excessive interest. *See, eg.,Partin v. Cableview, Inc.,* 948 F.Supp. 1046 (S.D.Ala.1996); *Copeland v. MBNA Am.,* 820 F.Supp. 537 (D.Colo. 1993); *see also Spellman v. Meridian*

*Bank (Delaware), N.A.,* 1995 WL 764548 (3d Cir. Dec.29, 1995), *vacated* (Feb. 16, 1996).

In analyzing arguments for complete pre-emption under the NBA, district courts in Alabama have emphasized that they only need reach the question of complete pre-emption if the claims brought by the plaintiff in the case are claims for excessive interest within the meaning of the NBA. For instance, this court has previously determined that there was not complete pre-emption where the allegation in the complaint was that interest charges were not disclosed. *See Monday v. Coast to Coast Wireless Cable,* 1997 WL 114874, No. CV–96–A–1321–N (M.D.Ala. Feb. 19, 1997). This court concluded that in light of the overwhelming consensus of federal district courts in Alabama that failure to disclose claims is not within the scope of the NBA, and given the lack of Congressional intent to completely preempt such claims, removal was improper. *Id.* at *9.

The Defendants concede that, under several Alabama district court decisions, Plaintiff Jones' claim is not completely preempted under the NBA. The Defendants argue, however, that the claims of Plaintiffs Mason and Scott are distinguishable from these Alabama district court decisions because they allege in the Complaint that they knew that their purchase price included interest, but contend they were charged more than they agree to pay. The Defendants state that since Mason and Scott say they were charged more than they agreed to pay, they are claiming that they were charged a higher amount of interest.

The court first notes that nowhere in the Complaint do the Plaintiffs state that they were charged a higher amount, much less an excessive rate, of interest. Instead, they allege that they were told an amount that they would have to pay each month, which included interest, but that this amount was a fraudulent representation of the amount that they were actually charged. They state that the total amount they must pay is higher than the amount to which they agreed. *See* Complaint,

page 4; *see also* Supplement to Plaintiffs' Motion to Remand, page 2. ("Plaintiffs' claims are not that they are being charged excessive interest, rather, Plaintiffs allege that the amount they were to pay including interest, was misrepresented.") The Plaintiffs have, therefore, made an allegation similar to the allegations made in the failure to disclose cases. That is, they were told an amount that they would have to pay, which in this case included interest, but allege that this representation was fraudulent.

Even if the Plaintiffs' claims could properly be characterized as claims that the amount of interest which they would be charged was misrepresented, the Defendants would still have to show that such an allegation is a claim for excessive interest. In *Hunter v. Beneficial National Bank, U.S.A.,* 947 F.Supp. 446 (M.D.Ala.1996) (Thompson, J.), the court reasoned that the NBA states that because the act allows for interest to be charged at a "rate" allowed by the state, definition of the term "rate" is important. The court went on to state that although rate cannot be given a narrow meaning, it must have some meaning. *Id.* at 451. The court concluded that the defendants in that case had failed to show that the "total interest (that which was disclosed and that which was allegedly not disclosed) or the 'interest rate' is arguably excessive in violation of state law." *Id.* at 452. Of course, the Plaintiffs completely disavow any interpretation of their Complaint which would include a claim alleging that they had been charge a rate of interest which is excessive under state law.

The Plaintiffs also point out that Alabama district court cases have determined that a claim for failure to disclose interest rates does not mean that there is a claim based on rates of interest which are excessive under state law. This court has previously concluded that whether or not state law would consider a claim to be one for excessive or usurious interest is not relevant to the inquiry of complete preemption

under the NBA. *See Monday,* 1997 WL 114874 at *8. This court was addressing the argument made by the defendant that under Delaware law, where a creditor and a debtor do not agree to an interest rate, any interest charged by the creditor is deemed excessive.. Other courts have similarly discounted arguments made by defendants that a plaintiff's claims are for excessive interest under state law. *See e.g., Powell v. Beneficial National Bank, U.S.A.,* 947 F.Supp. 446 (M.D.Ala.1996) (defendants failed to show that plaintiff was alleging excessive interest under Alabama law).

The Defendants, however, argue that this case is distinguishable from cases cited by the Plaintiffs because this case involves application of California, rather than Delaware, law. Under some of the Alabama precedent addressing claims of fraudulent failure to disclose, the courts concluded that the Delaware statutes cited by the defendants did not state that failure to disclose that interest would be charged is a claim for excessive interest. *See e.g., Hagler v. Beneficial National Bank USA,* Civil Action No., 96–T–1492–N (M.D.Ala. Jan. 2, 1997).

Another district court within this circuit has concluded that an argument similar to the argument made in this case did not establish subject matter jurisdiction. In *Montgomery v. Beneficial National Bank, U.S.A.,* Civil Action No. 96–1151–CB, Slip. Op. (S.D.Ala. Feb. 20, 1997), the court addressed an argument that interest charged by a bank to which the customer did not agree is excessive interest under Delaware law. The court concluded that this argument failed for two reasons: there is no authority to apply Delaware

law rather than Alabama law, and there is no provision in the NBA for applying all of a state's banking laws to a national bank located within that state. *Id.* at page 4; *but see Roper v. Consurve, Inc.,* 777 F.Supp. 508 (S.D.Miss.1990) (applying state's case law to determine state's interest rate); *aff'd,* 932 F.2d 965 (5th Cir. 1991).

The Defendants in this case argue that the instant facts are distinguishable because, while Alabama courts have determined that Delaware law is ambiguous as to whether unagreed to interest is excessive, California law is clear. The Defendants argue California law applies because Fidelity has its principal place of business in Los Angeles, California.

The statute which the Defendants have cited does not clearly or unambiguously state that it relates to excessive interest any more than the Delaware statute addressed by courts in the opinions cited by the Plaintiffs.[1] The Defendants apparently contend that the California statute clearly states interest charged in violation of its provisions constitutes "excessive interest" because the heading for § 1916–1 states, "Maximum rate of interest; compound interest; effect of contract provisions for excessive interest." The Defendants have failed to cite this court to any California case law for the proposition that a violation of § 1916–1 constitutes excessive interest, however. This court declines to give the degree of weight urged by the Defendants to a heading of the statute, especially since the statute is a publication of a private company. *Cf. In re Dolard,* 275 F.Supp. 1001 (C.D.Cal.1967) (use of a particular word in the heading of a statute

1. The statute reads

No person, company, association or corporation shall directly or indirectly take or receive in money, goods or things in action, or in any other manner whatsoever, any greater sum of any greater value for the loan or forbearance of money, goods or things in action than at the rate of twelve dollars upon one hundred dollar for one year; and in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith. Any agreement or contract of any nature in conflict with the provisions of this section shall be null and void as to any agreement or stipulation therein contained to pay interest. . . .
Cal.Civ.Code § 1916–2.

is not determinative); *In re Halcomb,* 21 Cal.2d 126, 130 P.2d 384 (1942) (stating that headings in the penal code are inserted by the publisher and are not binding on the courts).

A plaintiff is "master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 24, 33 S.Ct. 410, 57 L.Ed. 716 (1913). The Plaintiffs have brought claims based on fraud. Just because they arguably could have brought claims for excessive interest does not mean that the case is removable. *See Hagler v. Beneficial National Bank, U.S.A.,* Civil Action No. 96–T–1492–N (M.D.Ala. Jan. 2, 1997). The Plaintiffs have consistently maintained that the appropriate interpretation of their Complaint is that they have claimed that the amount that they were told they would have to pay to purchase their vacuum cleaners, including interest, were fraudulent representations, and have not claimed that the interest rate charged by the Defendants was excessive. Accordingly, the court finds that the doctrine of complete preemption does not apply in this case.

With this conclusion, however, the court has not reached the question of whether the Plaintiffs' state law claims are preempted, under the rules of simple preemption, by the NBA. This court has merely concluded that the doctrine of complete preemption does not support removal of this case to federal court. After remand, the state court may independently conclude that the Plaintiffs' claims are preempted by the NBA. *See Hunter v. Beneficial National Bank, USA,* 947 F.Supp. 446 (M.D.Ala.1996).

### V. *CONCLUSION*

For the reasons discussed above, the court concludes that the Plaintiffs' Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.