Marie ANDERSON, et al., Plaintiffs,

v.

H & R BLOCK, INC.; Beneficial National Bank; and Beneficial Tax Masters, Inc., Defendants.

No. CIV.A.00–A–1457–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 14, 2000.

den, III, Stephen C. Jackson, Carl Stanley Burkhalter, Maynard, Cooper & Gale, P.C., Birmingham, AL, for H & R Block, Inc.

Stewart M. Cox, Hope T. Stewart, Bradley, Arant, Rose & White, LLP, Birmingham, AL, Alan S. Kaplinsky, Burt M. Rublin, Edward D. Rogers, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, Brian P. Strength, Bradley Arant Rose & White, LLP, Montgomery, for Beneficial National Bank, Beneficial Tax Masters, Inc., defendants.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is now before the court on a Motion to Remand, filed by the Plaintiffs, Marie Anderson, Alvester Brafort, Walter Brutley, Patricia Coleman, Talaya Cope, Audrey Darby, Annie Davis, April DeLoach, Diane Franklin, Lillie Franklin, Willie Lewis, Caledonia Jackson, Shirley Jernigan, Evelyn Nelson, Willie Lawrence, Mamie Mitchell, Betty Person, Diane Peterson, Gwen Rogers, William Screws, Ernestine Starks, Gerald Stokes, Albert Thomas, Charles Thomas, Kenneth Williams, and Earline Young ("Plaintiffs") on November 22, 2000.

The Plaintiffs originally filed a Complaint against H & R Block, Inc.; Beneficial National Bank; and Beneficial Tax Masters, Inc. in the Circuit Court of Barbour County, Alabama. The Complaint alleges counts of intentional misrepresentation (Court One); suppression of material facts (Count Two); breach of fiduciary duty (Count Three); usury violations (Count Four); and Alabama Code Violations (Count Five).

H & R Block, Inc. ("H & R Block"), and Beneficial National Bank and Beneficial Tax Masters (collectively "Beneficial") filed a Notice of Removal in this court on

Walter B. Calton, John P. Hagood, Calton Rutland & Hagood, LLC, Eufaula, K. Stephen Jackson, Jeffrey S. Daniel, Jackson, Fraley & Shuttlesworth, PC, Birmingham, AL, for Marie Anderson, Alvester Brafort, Walter Brutley, Patricia Coleman, Talaya Cope, Audrey Darby, Annie Davis, April Deloach, Diane Franklin, Lillie Franklin, Willie Lewis, Caledonia Jackson, Shirley Jernigan, Evelyn Nelson, Willie Lawrence, Mamie Mitchell, Betty Person, Diane Peterson, Gwen Rogers, Williams Screws, Ernestine Starks, Gerald Stokes, Albert Thomas, Charles Thomas, Kenneth Williams, Earline Young, plaintiffs.

Peter S. Fruin, Maynard, Cooper & Gale, P.C., Montgomery, AL, A. Inge Sel-

October 24, 2000. Removal was based upon the presence of a federal question through complete pre-emption under the National Bank Act ("NBA"). The Plaintiffs state they have asserted only state law claims and contest that the NBA completely pre-empts these claims.

For the reasons herein discussed, the Motion to Remand is due to be DENIED.

## II. FACTS

The Plaintiffs' claims arise out of representations made and interest and fees charged in connection with loans made to them through H & R Block by Beneficial. According to Beneficial, these loans were tax refund anticipation loans which are loans made to a tax return preparation service by a bank in the amount of the customer's anticipated tax refund, less the fees charged by the lender and the tax preparation service.

The Plaintiffs allege that the Defendants charged each of them interest in excess of the legal limit on interest rates allowed under Alabama law and the common law doctrine of usury. The Plaintiffs also allege that the Defendants misrepresented and failed to disclose the interest rate and the fees that would be charged, and breached their fiduciary duties to the Plaintiffs.

## III. REMAND STANDARD

■ Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts have the power only to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 114 S.Ct. at 1675. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. See *Burns*, 31 F.3d at 1095.

## IV. DISCUSSION

■ Removal of a case to federal district court by a defendant is only proper if the case brought by the plaintiff in state court originally could have been brought in federal court. See 28 U.S.C. § 1441(a). In this case, Beneficial and H & R Block argue that the court has jurisdiction over the Plaintiffs' claims because of the presence of a federal question. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. See *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption. See *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425. In this case, the Plaintiffs have only asserted state law claims so that, on the face of the Complaint, there is no federal question jurisdiction.

■ There is, however, an exception, or corollary, to the well-pleaded complaint rule and it is this exception to which Beneficial and H & R Block point in claiming that this court has federal question jurisdiction. This exception is known as the "complete pre-emption" doctrine. This exception is recognized in the rare instance Congress so "completely pre-empts a particular area that any civil complaint ... is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The situations in which the complete pre-emption exception applies are so

rare that the Supreme Court has found complete pre-emption in only a few areas. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (§ 301 of the LMRA completely pre-empted a state cause of action for violation of contracts); *Metropolitan Life,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (§§ 502(a)(1)(B) and 502(f) of ERISA completely pre-empted state contract and tort claims); *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974) (federal law pre-emption with regard to tribal lands).

■■■ Beneficial and H & R Block have argued for the application of the complete pre-emption doctrine in the instant case based on §§ 85 and 86 of the National Banking Act ("NBA"). The NBA states in part, that a national bank "may . . . charge on any loan . . . interest at the rate allowed by the laws of the State . . . where the bank is located. . . ." 12 U.S.C. § 85. The NBA further provides for a civil enforcement mechanism. *See* 12 U.S.C. § 86.

Beneficial and H & R Block cite several cases, including a previous decision of this court, holding that §§ 85 and 86 of the NBA completely pre-empt state-law claims challenging interest charged by a national bank, and thus that such claims are removable from state to federal court. *See e.g., M. Nahas & Co. Inc. v. First Nat'l Bank of Hot Springs,* 930 F.2d 608 (8th Cir. 1991); *Monday v. Coast to Coast Wireless Cable,* 1997 WL 114874 (M.D.Ala. Feb.19, 1997); *Hunter v. Rich's Dept. Stores,* 945 F.Supp. 1500 (N.D.Ala.1995)(Propst, J.). There is, however, contrary case law on the issue of whether the NBA completely pre-empts state law claims challenging excessive interest. *See e.g., Jones v. Bankboston, N.A.,* 115 F.Supp.2d 1350 (S.D.Ala. 2000).

The Eleventh Circuit recently addressed for the first time the issue of complete pre-emption outside of the Labor Management Relations Act ("LMRA") and the Employees Retirement Insurance Security Act ("ERISA") context. *See BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.,* 182 F.3d 851, 855 (11th Cir.1999)(finding no complete pre-emption under the Cable Communications Policy Act of 1984). In *BLAB T.V.,* the Eleventh Circuit examined the different tests employed by various circuits in assessing complete pre-emption arguments. *Id.* at 856. While the court declined to adopt any of the tests to be applied to all future claims of complete pre-emption, the court did note that, while it relied heavily on a particular decision of the Tenth Circuit, it did not adopt the view of the Tenth Circuit that a statute's providing a federal cause of action is dispositive on the issue of congressional intent. *Id.* at 859, n. 3. The Eleventh Circuit held that a state law claim was not completely preempted by the Cable Communications Policy Act of 1984 because the court found that the requisite congressional intent to convert state law claims into federal claims was absent. *Id.* at 859.

This court has been presented with complete pre-emption arguments under the NBA on two previous occasions, both of which were decided before the *BLAB T.V.* decision by the Eleventh Circuit. *See Monday v. Coast to Coast Wireless Cable,* 1997 WL 114874 at *1 (M.D.Ala., Feb. 19, 1997); *Mason v. Fidelity Federal Bank,* 40 F.Supp.2d 1340 (M.D.Ala.1999).

In *Monday,* this court, relying on complete pre-emption analysis in other cases, looked at three factors: Congressional intent, whether the NBA displaced state law claims with a federal cause of action, and whether the jurisdictional language of the civil enforcement provisions paralleled the LMRA and ERISA. *Monday,* 1997 WL 114874 at *6–7. Noting that the NBA predated the existence of federal question jurisdiction, the well-pleaded complaint rule, and the complete pre-emption doctrine, this court relied on discussions of Congressional intent in binding case law. *Id.* at *6. This court relied on statements in Supreme Court and former Fifth Circuit

cases that the NBA was intended to give advantages to national banks over state competitors, and that an action stating a claim of usury against a national bank is a new right which is regulated by federal law, in concluding that Congress intended for national banks to be governed by national standards, not state law. *Id.* (citing *Roper v. Consurve,* 578 F.2d 1106 (5th Cir.1978), *aff'd sub nom. on other grounds, Deposit Guaranty Nat'l Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *Marquette Nat. Bank of Minneapolis v. First Omaha Service Corp.,* 439 U.S. 299, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978); *Farmers' and Mechanics' National Bank v. Dearing,* 91 U.S. 29, 35, 1 Otto 29, 23 L.Ed. 196 (1875)). This court further concluded that the jurisdictional language of the NBA was similar enough to the language used in the LMRA and ERISA, statutes which the Supreme Court has found completely pre-empt state law, to indicate that Congress intended for the federal remedy provided in the NBA to be the remedy which was available against national banks, whether the forum be federal or state, there being no mechanism for removal to federal court at the time. *Id.* at *7.

Although this court did not have the analysis in *BLAB T.V.* before it when *Monday* was decided, the court finds that the *BLAB T.V.* decision does not alter its conclusion in *Monday* that §§ 85, 86 completely preempt state law claims claiming usurious interest. The Eleventh Circuit merely underscored the importance of Congressional intent in *BLAB T.V.*, and as noted above, this court's analysis in *Monday* was premised in large part on Congressional intent. While the NBA, because it pre-dated the relevant jurisdictional statutes and doctrines, may not neatly fit into the complete pre-emption analysis of modern statutes, this court finds that there is sufficient evidence in decisional law and the language of the NBA from which to conclude that Congress intended for national banks to be held to national standards, and not to be held liable under state law on claims alleging usury. Therefore, finding no reason to depart from its earlier analysis, the court again concludes that usurious interest claims are completely pre-empted under the NBA.

In the two cases in which this court was previously presented with an argument of complete pre-emption under the NBA, the court determined that there was no federal jurisdiction because the plaintiffs had not alleged claims of usurious interest, which is the type of claim that is completely preempted under the NBA. *See Monday,* 1997 WL 114874 at *10; *Mason,* 40 F.Supp.2d at 1345. In this case, the Plaintiffs have pleaded a claim for usurious interest. *See* Complaint, Count Four; Brief in Support of Motion to Remand, page 8. Accordingly, the Plaintiffs have brought a claim which is completely preempted by the NBA, creating federal question jurisdiction in this court.

The court recognizes that, while it has found evidence of Congressional intent to completely pre-empt state law usurious interest claims under the NBA, there is significant disagreement among courts over the presence of Congressional intent to completely pre-empt state law claims under the NBA. *See Jones,* 115 F.Supp.2d at 1357. The court further notes that the *BLAB T.V.* decision came before the Eleventh Circuit as a question certified for interlocutory appeal by the district court. *BLAB T.V.,* 182 F.3d at 854. This court is willing to certify the issue of complete pre-emption in this case for interlocutory appeal, if any of the parties indicate their desire for the court to do so by filing a written request by December 29, 2000.

## V. CONCLUSION

For the reasons discussed above, this court has federal jurisdiction by virtue of the presence of a federal question in this case. Accordingly, the Motion to Remand (Doc. # 7) is due to be and is ORDERED DENIED.

### *ORDER*

For good cause shown, it is hereby OR-DERED that the Memorandum Opinion and Order of this court entered on December 14, 2000 is AMENDED to add the following paragraph:

This order involves the issue of whether the court has jurisdiction to proceed with this case. Therefore, pursuant to 28 U.S.C. § 1292(b), the court certifies that it is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. It is, therefore, FURTHER ORDERED that if the Plaintiffs make application for an appeal within ten (10) days after the entry of this order, pursuant to 28 U.S.C. § 1292(b), these proceedings are STAYED pending a determination of the application by the Court of Appeals and, if the appeal is permitted, final determination of the appeal by the Court of Appeals.

The Clerk is DIRECTED to serve copies of this Order by facsimile.